39 So.2d 658

**CITY OF BESSEMER v. BESSEMER THEATRES, Inc.**

**6 Div. 796.**

Supreme Court of Alabama.

March 31, 1949.

Edw. L. Ball, of Bessemer, for appellant.

Francis H. Hare, of Birmingham, for appellee.

STAKELY, Justice.

Bessemer Theatres, Incorporated filed its bill, in equity, for a declaratory judgment against the City of Bessemer, a municipal corporation. The court overruled the demurrer to the bill. Hence this appeal.

The bill in substance shows the following. The complainant is a corporation organized under the laws of the State of Delaware and is the owner of the Grand Theatre and the State Theatre, which are moving picture theatres in the City of Bessemer. On November 4, 1941, the City of Bessemer adopted an ordinance, No. 883, section 2 of which levied a license tax on every person who conducts or operates a place of amusement within the corporate limits of the city, the tax being fixed and levied in the following amounts: (a) one cent on each charge for admission of more than ten cents and less than and including fifteen cents; (b) two cents on each charge for admission in amount in excess of fifteen cents. Ordinance No. 883 does not purport to apply to any other class of taxpayers except persons who conduct or operate places of amusement as therein defined and the complainant has paid, pursuant to the ordinance, taxes based on the rates prescribed in the ordinance.

It is alleged that ordinance No. 883 deprives complainant of its property without due process of law, denies to complainant equality under the law and the equal protection of the law and denies to it the right to a uniform operation of the law and is void and unlawful and further that it grossly and unlawfully discriminates against complainant and all other persons engaged in business of conducting places of amusement within the corporate limits of the city and in favor of each and every other person engaged in conducting each, all and every other class or classes of business in the City of Bessemer and is in violation of the Constitution of the United States and more particularly the Fourteenth Amendment thereof. It is further alleged that the ordinance is invalid in that it is unreasonable.

The bill further alleges that during the tax years of 1945 and 1946 there were other businesses, as well as the picture show business, which were also taxed in various amounts under the general license code of the City of Bessemer The bill mentions the Tennessee Coal, Iron and R. R. Co., the Pullman Standard Car Company and

an unnamed wholesale and retail hardware business and alleges that not withstanding the aforesaid concerns enjoy gross annual receipts far in excess of those receipts received by the complainant, the complainant's business was taxed by virtue of the ordinance No. 883 in an amount far in excess of the tax levied under the provisions of the license code on the aforesaid named and other concerns.

It is alleged that "there was and is a justiciable controversy between complainant and respondent with respect to the claim and assertion of respondent that said tax or license ordinances are both valid, effective and enforceable and the claim and assertion of the complainant as herein set forth to the contrary." It is further alleged that the complainant desires and is entitled to a declaratory decree determining and declaring its status, rights, duty and relations with the respondent depending upon whether or not said tax ordinance is valid and enforceable.

The demurrers to the bill raise the proposition that the bill fails to allege sufficient facts to constitute an arbitrary classification as relates to the complainant; that the bill contains no facts which show that the complainant has been discriminated against as a member of the class in which complainant falls for tax purposes and that the bill does not show that respondent has made an unreasonable, capricious or arbitrary classification as affects the complainant.

█ There is no doubt that the bill shows such an actual controversy as to support the jurisdiction of the court for a declaratory judgment. Title 7, § 156 et seq., Code of 1940; City of Birmingham v. Allen, 251 Ala. 198, 36 So.2d 297. However, it is not always appropriate to make a construction or determination of rights or status on a demurrer to a bill seeking a declaratory judgment. Daniel T. McCall v. J. R. Nettles et al., 251 Ala. 349, 37 So.2d 635; Alabama State Milk Control Board v. Graham, 250 Ala. 49, 33 So.2d 11. Ordinarily where the bill for a declaratory judgment shows a bona fide justic' ble controversy which should be settled, the demurrer thereto should be overruled and a declaration of rights made and entered only after

answer and on such evidence as the parties may deem proper to introduce on submission for final decree. As pointed out in Alabama State Milk Control Board v. Graham, supra, the test of the sufficiency of a complaint in a declaratory judgment proceeding is not whether the complaint shows that the plaintiff will succeed in getting a declaration of rights in accordance with his theory and contention, but whether he is entitled to a declaration of rights at all. It was further pointed out that if the complaint states the substance of a bona fide justiciable controversy which should be settled, a cause of action for a declaratory judgment is stated and the demurrers should be overruled. It seems to us that this is a case which should not be decided on demurrer except to the point of holding that the bill states a bona fide justiciable controversy which should be settled.

█ There appears to be no doubt that municipal authorities have the power to require licenses of those engaged in the amusement business. Section 751, Title 37, Code of 1940, confers this authority in the following language. "Any city or town shall have the power to license, tax, regulate, restrain, or prohibit theatrical and other amusements, billiard and pool tables, nine or tenpin alleys, box or ball alleys, shooting galleries, theatres, parks and other places of amusement, when in the opinion of the council the public good or safety demands it, * * *."

It was stated in City of Birmingham v. Leo A. Seltzer, Inc., 229 Ala. 675, 159 So. 203, 205, in referring to the foregoing statute, that the "statute has used very broad terms in conferring that power in respect to places of amusement." It was further stated, in substance, that within constitutional limitations, cities are by law duly vested with the discretion to determine whether any certain form of amusement is so deleterious to public morals, health or safety as that it should be prohibited or regulated. In the present case the ordinance is attached to the bill of complaint and recites that "all proceeds derived from the taxes herein levied shall be used for the operation and maintenance of public schools of the city and for other public and

municipal purposes." Under the statute and authorities in this state the ordinance may make the levy not only for revenue but also for regulation under the police power. Alabama Power Co. v. City of Carbon Hill, 234 Ala. 489, 175 So. 289; § 735, Title 37, Code of 1940. We think it clear also that the mere fact that the amusement business is placed in a separate classification does not within itself make such classification illegal and arbitrary. Hale v. State, 217 Ala. 403, 116 So. 369, 58 A.L.R. 1333; Dreyfus v. Montgomery, 4 Ala.App. 270, 58 So. 730; Alabama Power Co. v. City of Carbon Hill, supra; Alabama Gas Co. v. Montgomery, 249 Ala. 257, 30 So.2d 651; Ex parte Rowe, 4 Ala.App. 254, 59 So. 69.

There is no doubt that the picture show business is contributing much to the wholesome diversion and educational needs of the public. It is claimed in argument by the respondent that the picture show business, however, like other businesses in the amusement class can and should be subject to police regulation and inspection, in view of the fact that such a business may be run in a manner deleterious to morals and the public welfare. But where a license tax is levied under the police power there should be some relationship between the cost of regulation and the amount of the levy. While we recognize that under the foregoing ordinance the levy may have been made not only under the police power but for revenue, it seems to us that if the ordinance contemplates in any way regulation under the police power, facts in this regard should be presented. Such facts, if any, would be presented by the respondent after answer.

There is no allegation to show discrimination within the amusement class nor is it claimed that the license imposed will prohibit, oppress or restrain the amusement class, Gamble v. City Council of Montgomery, 147 Ala. 682, 39 So. 353, but it is the insistence of the complainant that a vice in the present ordinance is that it selects a particular class of business as legitimate, according to complainant, in the eyes of the law as any other and compels this class of business to bear a tax burden not only different and greater than that imposed on

any other class of businesses but so vastly greater that there is no reasonable basis of comparison between them. In other words, it is contended that the amount of levy is so utterly unreasonable as contrasted with levies on other classes as to make the tax violative of constitutional principles. When we say constitutional principles we are referring specifically to equal protection under the 14th Amendment to the Constitution of the United States.

It seems to us that it would be better, without in any way passing on the validity of the last mentioned contention, that the court have before it all facts in the case as suggested in argument by the respondent.

Ordinarily the reasonableness of the license fee imposed as a tax is a question for the taxing power and in the absence of a manifest abuse of discretion, the courts will not interfere. There is a presumption in view of the wide discretion vested in such legislative body that the ordinance is reasonable and valid and the burden rests on one who assails the ordinance in this respect to overcome the presumption. American Bakeries Co. v. City of Huntsville, 232 Ala. 612, 168 So. 880. And the courts will not scrutinize the amount of the tax too narrowly. City of Andalusia v. Fletcher, 240 Ala. 110, 198 So. 64. If the taxpayer falls within a class, the right to tax is subject to the constitutional limitation of uniformity of taxation as to the class affected. In Henry v. Shevinsky, 239 Ala. 293, 195 So. 222, 223, we said in effect that there are two well settled principles, "one is that a license schedule must be uniform in its application to all members of the same class, and the other is that there must not be a capricious or arbitrary classification hurtful in its effect." In setting up the tests by which discrimination may be determined, this court in Woco Pep Co. of Montgomery v. City of Montgomery, 213 Ala. 452, 105 So. 214, 218, included in the tests the following, "(4) must be based on substantial distinctions which make one class different from another; and (5) must be reasonable under the facts of the case, and not oppressive and prohibitive."

But the appellee very earnestly insists that the picture show business, even though it be an amusement business, should be

122

lifted out of the general amusement class because it is a legitimate and useful business. It is claimed that it is legitimate and useful because of the public need for wholesome diversion and the educational needs which the business fills. It is insisted that any business may in a sense become injurious and certainly that the picture show business should not be so regarded unless and until it makes itself an injurious agency. We think it best not to attempt to decide this contention on demurrer.

We mention the foregoing matters as illustrating our view that whether the ordinance is violative of the 14th Amendment to the United States Constitution should not be determined on demurrer but only after the city has filed an answer and on final decree.

Since the bill does, in our opinion, state a bona fide justiciable controversy, we think the court was correct in overruling the demurrer.

Affirmed.

BROWN, FOSTER, and LAWSON, JJ., concur.