41 So.2d 395

### WHITE v. MANASSA et al.
### 2 Div. 252.

Supreme Court of Alabama.
June 23, 1949.

W. R. Withers, of Greensboro, for appellant.

Walter P. Gewin of Greensboro, for appellees.

LAWSON, Justice.

This is an appeal from a decree of the circuit court of Hale County, in equity, sustaining demurrers to a bill seeking a declaratory judgment. The bill was filed by Angelina White against Ella Manassa, Pat Parr, and the heirs at law of one John Manassa, deceased.

The bill prayed: (1) that the court declare that the complainant, Angelina White, was the lawful widow of the said John Manassa, deceased, and that the respondent, Ella Manassa, was not the lawful widow of the said John Manassa; (2) that the court declare that a mortgage executed by John Manassa and Ella Manassa, as his wife, to the respondent Pat Parr, was void in that the mortgage was on the homestead of the said John Manassa and that the complainant did not join therein, and that the court quiet the title to the property covered by the mortgage; (3) that the sixty-acre tract of land which it was alleged that John Manassa was occupying as his homestead at the time of his death be set apart to the complainant as her homestead so as to vest her with the fee-simple title thereto.

The demurrers were assigned to the bill as a whole and to the several aspects thereof. In its decree the trial court sustained the demurrers in general terms. This court in such cases usually confines its consideration to those grounds of demurrer which were addressed to the bill as a whole. First National Bank of Dothan v. Fountain Motor Co., 227 Ala. 133, 148 So. 817; Florence Gin Co. v. City of Florence, 226 Ala. 478, 147 So. 417, and cases cited.

■ Where a bill, as here, is in several aspects, if complainant is entitled to relief on one or more of the aspects, a demurrer to the bill as a whole should not be sustained. Florence Gin Co. v. City of Florence, supra.

The question now for review, therefore, is whether the demurrer to the bill as a whole was properly sustained for want of equity in any aspect. Otherwise stated, does the bill disclose grounds for declaratory judgment as to any one of its aspects?

The case made by the bill in so far as it relates to the marital status of the parties is to the effect that the complainant, Angelina White, and John Manassa were married in Hale County in 1896; that the complainant was the lawful wife of the said John Manassa, deceased, at the time of his death, although they had been living separate and apart for a number of years; that the complainant has remarried since the death of John Manassa; that the respondent Ella Manassa and the said John Manassa, deceased, had lived together for a number of years prior to his death and that since his death the said Ella Manassa claims to be his lawful widow and now resides on and claims as her own the property which the said John Manassa occupied as a homestead at the time of his death, although there has been no administration on the estate of the said John Manassa, nor has homestead exemption been set apart.

■ Under such allegations, we are clear to the conclusion that a justiciable controversy is presented as to whether or not the complainant is the lawful widow of the said John Manassa, deceased. Under the statutes providing for a declaratory judgment, a declaration as to the marital status of the parties is contemplated. Borchard, Declaratory Judgments, pp. 391-395; Anderson, Declaratory Judgments, pp. 808-811. See Brantley v. Brantley, 251 Ala. 493, 38 So.2d 8, in which case it was held that a bill seeking a declaratory judgment presented a justiciable controversy where it sought a declaration as to the status of a child with respect to her alleged father. It follows, therefore, that the trial court erred in sustaining the demurrer to the bill as a whole.

■ We are also of the opinion that the bill in so far as it sought a declaration that the mortgage executed by John Manassa and the respondent Ella Manassa was void and sought to have the title quieted as to the property covered by the mortgage presented a justiciable controversy within the contemplation of the declaratory judgment statutes. We think that in this respect we need cite only the case of Teal v. Mixon,

233 Ala. 23, 169 So. 477, and the 1947 amendment to § 167, Title 7, Code, to the effect that the remedy provided by the declaratory judgment laws shall not be construed by any court as an unusual or extraordinary remedy, but shall be construed as an alternative or cumulative remedy. § 167, Title 7, Code 1940, as amended, 1947 Cum. Pocket Part, p. 24.

Generally speaking, the probate court is the proper tribunal for the allotment of a homestead out of the estate of a resident of this state. Beck v. Karr, 209 Ala. 199, 95 So. 881. However, it is well recognized that a court of equity having acquired jurisdiction for one purpose will determine all rights presented as to all parties and give full relief where possible. Such was the holding of this court in the case of Brantley v. Brantley, supra, wherein in addition to seeking a declaration as to the status of the child, the bill among other things also sought establishment of homestead rights in the widow.

Ordinarily where the bill for a declaratory judgment shows a bona fide justiciable controversy which should be settled, the demurrer thereto should be overruled and a declaration of rights made and entered only after answer and on such evidence as the parties may deem proper to introduce on submission for final decree. City of Bessemer v. Bessemer Theatres,[1] 39 So.2d 658. As appointed out in Alabama State Milk Control Board v. Graham, 250 Ala. 49, 33 So.2d 11, the test of the sufficiency of a complaint in a declaratory judgment proceeding is not whether the complaint shows that the plaintiff will succeed in getting a declaration of rights in accordance with his theory and contention, but whether he is entitled to a declaration of rights at all.

We are of the opinion that the trial court erred in sustaining the demurrers to the bill for declaratory judgment and the cause is reversed and a decree here rendered overruling the demurrers to the bill as a whole and to each aspect thereof. The respondent is allowed thirty days from the date on which the certificate of this court reaches the register of Hale County within which to plead further.

Reversed, rendered and remanded.

BROWN, FOSTER, and STAKELY, JJ., concur.