54 So.2d 509

**VINSON v. VINSON.**

5 Div. 501.

Supreme Court of Alabama.

Oct. 11, 1951.

Ellis & Fowler, Columbiana, and J. B. Atkinson, Clanton, for appellant.

Omar L. Reynolds and Reynolds & Reynolds, Clanton, for appellee.

LAWSON, Justice.

Elmina Vinson filed her bill in equity for a declaratory judgment against Annie Mae Vinson, individually, and in her capacity as executrix of the last will and testament of Hollis B. Vinson. The respondent, Annie Mae Vinson, has appealed to this court from a decree overruling her demurrer.

The case made by the bill is hereafter summarized.

The complainant is the mother of Hollis B. Vinson, who died testate on or about November 20, 1949, and the respondent is the widow of the said Hollis B. Vinson. Hollis B. Vinson was not survived by any children and under the terms of his will all his property, both real and personal, was left to his wife, Annie Mae Vinson. In accordance with the provisions of the will the said Annie Mae Vinson was appointed executrix of the will of her deceased husband by the probate court of Chilton County.

Prior to the death of her son, the complainant purchased postal savings certificates at the United States Post Office at Clanton in the name of her son, H. B. Vinson, who was the same person as Hollis B. Vinson. These certificates were purchased by complainant out of her own personal funds, in which her son had no interest. The complainant or her agent signed all the papers and performed all the duties and functions incident to the purchases.

The certificates when purchased were delivered by the postal authorities to the complainant, who continued in possession down to the time this suit was instituted. The bill averred that "no gift of said certificates to Hollis B. Vinson was ever made or completed, in that the complainant never delivered said certificates to the said Hollis B. Vinson."

After the appointment of respondent as executrix, she made demand upon the postmaster at Clanton for payment of the funds evidenced by the certificates and presented to him a certified copy of the will and a certified copy of her appointment as executrix and claimed the full right, title and interest in and to the certificates and funds evidenced thereby.

The prayer of the bill in pertinent part is as follows: "The complainant further prays that upon a final hearing of this matter, that Your Honor will render a declaratory judgment and decree, stating and determining that the complainant has the full and exclusive right, title and interest in and to said certificates or said postal savings accounts, and that the respondent, Annie Mae Vinson, as executrix of the Last Will and Testament of Hollis B. Vinson, and Annie Mae Vinson, individually, has no right, title or interest in or to the proceeds thereof * * *."

The demurrer to the bill raises the points that the averments of the bill are insufficient to state a case for declaratory judgment; that for aught appearing from the averments of the bill, the money deposited in the post office was a gift by complainant to her son and that the necessary acts to complete the gift were fully performed.

The only assignment of error is: "The trial court erred in overruling appellant's demurrer to the bill of complaint as amended." Such an assignment is sufficient. It is not necessary to make a separate assignment of error as to each ground of demurrer relied on. Copeland v. Swiss Cleaners, Inc., 255 Ala. 519, 52 So.2d 223.

However, we treat only those grounds of demurrer argued in brief. Cook v. Whitehead, 255 Ala. 401, 51 So.2d 886.

As we view this case, the sole question for decision on this appeal is whether or not the averments of the bill are sufficient to state a case for declaratory relief. In Alabama State Milk Control Board v. Graham, 250 Ala. 49, 33 So.2d 11, we pointed out that ordinarily the test of the sufficiency of a complaint in a declaratory judgment proceeding is not whether the complaint shows that the plaintiff will succeed in getting a declaration of rights in accordance with his theory and contention, but whether he is entitled to a declaration of rights at all. It was further pointed out that if the complaint states the substance of a bona fide justiciable controversy which should be settled, a cause of action for a declaratory judgment is stated and the demurrer should be overruled. See McCall v. Nettles, 251 Ala. 349, 37 So.2d 635; City of Bessemer v. Bessemer Theaters, 252 Ala. 117, 39 So.2d 658; White v. Manassa, 252 Ala. 396, 41 So.2d 395.

We are clear to the conclusion that the bill shows such an actual controversy as to support the jurisdiction of the court for a declaratory judgment. § 159, Title 7, Code 1940.

By an amendment to § 167, Title 7, Code 1940, the legislature has provided that the remedy by declaratory judgment shall not be construed by any court as an unusual or extraordinary one, but shall be construed to be an alternative or cumulative remedy. § 167, Title 7, Code 1940, as amended. See § 167, Title 7, 1949 Cum.Pocket Part, Vol. 2, Code 1940.

Since the bill does, in our opinion, show such an actual controversy as to support the jurisdiction of the trial court for a declaratory judgment, we think the trial court was correct in overruling the demurrer.

Affirmed.

LIVINGSTON, C. J., and FOSTER, and SIMPSON, JJ., concur.