72 So.2d 732

### CURJEL et al. v. ASH.

#### I Div. 513.

Supreme Court of Alabama.

May 13, 1954.

Vickers & Thornton, Mobile, and E. M. Friend, Jr., Birmingham, for appellants.

Smith, Hand, Arendall & Bedsole, Mobile, for appellee.

GOODWYN, Justice.

Appeal by respondents (except Augusta J. Eichold) from decree overruling their demurrer to bill of complaint seeking relief under the Declaratory Judgments Act, Code 1940, Tit. 7, § 156 et seq.

The bill, as last amended, alleges, to the extent here material, the following: That "Miriam P. Jacobson died on July 15, 1951, leaving a last will and testament which has been duly probated and admitted to record in the Probate Court of Mobile County, Alabama, on August 1, 1951"; that Carol L. Curjel, one of the respondents, "is now acting as executrix" under said will; that under the second item of said will complainant was devised "that certain real property known as 221 Dauphin Street, in the City of Mobile, Alabama"; that under the fifth item of said will respondents Augusta J. Eichold and Carol L. Curjel were devised "all the residue" of testatrix' estate, share and share alike; that "said second item referred to a parcel of business property in the downtown or business area of the City of Mobile, Alabama, improved in part by a store building three (3) floors in height, such property being all the real property owned by said testatrix and located in the block bounded by Dauphin, Conception, Conti and Joachim Streets, in the City of Mobile, Alabama"; that "under the said will of the said decedent the said Anne Louise Ash [complainant] is the devisee of all of said property, and that no part of the same passed under the said fifth item of said will or by intestacy to the said Au-

gusta J. Eichold or the said Carol L. Curjel"; that "the said Carol L. Curjel, individually and as such executrix, has purported to construe said will in her own personal and individual favor and she contends, in her individual capacity and in her capacity as such executrix, that she has personally acquired some interest in said property"; that "pursuant to such contention, she and her husband, Hans Curjel [a respondent], have executed and delivered, under date of November 5, 1951, a conveyance purporting to quit-claim to the said Mrs. Hermoine C. Friend [a respondent] and the said Mrs. Barbara C. Steiner [a respondent] an interest in a portion of said devised property, described in such conveyance as the premises 'known as 221-A Dauphin Street'"; that "said quit-claim deed appears of record as a cloud on the title of the said Anne Louise Ash and will remain such unless relief is granted by the court, as herein prayed"; that "plaintiff is and has been in peaceful possession of the said real property and building hereon [sic], devised in said will, and the defendants claim or are reputed to claim some right, title or interest in or encumbrance upon such lands"; that "there is no suit pending to enforce or test the validity of such title, claim or encumbrance"; that "plaintiff demands that defendants set forth and specify the title, claim, interest or encumbrance claimed by them or any of them, and how and by what instrument the same is derived and created"; that "the said Carol L. Curjel, individually and as such executrix, has failed to recognize the right of the said Anne Louise Ash to all the rents and profits accruing from said property since the death of said decedent and fails and refuses to make proper distribution of the same to the said Anne Louise Ash" and that "the other defendants herein, except the said Augusta J. Eichold, also deny the right of the said Anne Louise Ash to such rents and profits"; that "by virtue of the contentions, acts, and omissions of the said Carol L. Curjel, individually and as such executrix, and the other defendants herein (except the said Augusta J. Eichold), there exists a justiciable controversy with respect to the title of said real property, and as to the construction of

said will and the rights and legal relations of the parties hereto in respect to said will"; and that "this action is brought to obtain a judgment determining such controversies and construing said will and declaring the rights and legal relations of the parties hereto in respect to said property by virtue of said will".

The prayer for relief is that the court "enter a decree construing the said will of the said Miriam P. Jacobson, deceased, quieting the title to the aforesaid real property, and declaring the rights and legal relations of the parties hereto in respect to said real property and said will, and specifically declaring that:

"1. Under said will, the said Anne Louise Ash is the devisee of all of said real property.

"2. The said Carol L. Curjel, individually and as executrix under the will of Miriam P. Jacobson, deceased, and all other persons, shall recognize the said Anne Louise Ash as the devisee of said property, entitled to receive all the rents and profits accruing therefrom after the death of said decedent.

"3. Said quit-claim deed dated November 5, 1951, recorded in Deed Book 541, page 380, shall be cancelled and void and the title of the said Anne Louise Ash shall be quieted as against the claim of any person holding under said quit-claim deed."

What we have to decide is thus stated in appellants' brief:

"The questions for decision are whether these allegations show sufficient ambiguity in the will to quicken the jurisdiction of equity to construe the will, or whether these facts show a justiciable controversy between the parties. We submit that these questions resolve themselves into one, namely, does a devise of '221 Dauphin Street' include '221-A Dauphin Street'. For unless this devise of '221 Dauphin Street' does, or at least by the allegations of the bill of complaint can include '221-A Dauphin Street', then there is nothing for the Court to con-

strue and there is no justiciable controversy between the parties. Hence, we have directed our attention to this question which we believe will settle the entire case."

It is apparent from the bill that there is some sort of conflicting claim with respect to the property devised to appellee-complainant, Anne Louise Ash. But what the conflict consists of is by no means clear. The question obviously sought to be resolved and declared upon is, Exactly what property did the testatrix mean when she devised "that certain real property *known as 221 Dauphin Street?*" In other words, what are the boundaries of said property? Was it intended to include only the ground area on which the building physically rests, or does it include any adjoining land? Was it intended to devise the entire building or only a part of it? The fact that there are such questions may be sufficient to show the probable existence of a "justiciable controversy". However, we do not think the bill in its present form sufficiently shows such a controversy with respect to the devise to complainant. No facts are alleged disclosing wherein lies the ambiguity in such devise nor the precise conflict in interest in the property devised. The bill should allege facts showing the ambiguity and the need for construction. If the property "known as 221 Dauphin Street" is capable of definite and certain determination from that description alone, there is no ambiguity in the devise of it. As pointed out by one of the grounds of demurrer: "For aught appearing to the contrary, 221–A Dauphin Street and 221 Dauphin Street are two separate and distinct parcels of realty". As stated in Anderson, Declaratory Judgments, 2d Ed., § 401, p. 969:

"In accordance with the holding in respect to pleadings in traditional actions at law and suits in equity, it is necessary to have an allegation of fact made by one party and denied by the other, and in the absence thereof no issue is formed, * * *".

We recognize that "a demurrer is rarely appropriate in a declaratory judg-

ment action". Anderson, Declaratory Judgments, 2d Ed., § 318, p. 743. And that "ordinarily where the bill for a declaratory judgment shows a bona fide justiciable controversy which should be settled, the demurrer thereto should be overruled and a declaration of rights made and entered only after answer and on such evidence as the parties may deem proper to introduce on submission for final decree." City of Bessemer v. Bessemer Theatres, 252 Ala. 117, 120, 39 So.2d 658, 660; Alabama State Milk Control Board v. Graham, 250 Ala. 49, 54, 33 So.2d 11, 15; As thus stated in the last-cited case:

"* * * Of course there must be a bona fide justiciable controversy and where no bona fide justiciable controversy is alleged, the demurrer should be sustained. Bagwell v. Woodward Iron Co., 236 Ala. 668, 184 So. 692. But the test of the sufficiency of a complaint in a declaratory judgment proceeding is not whether the complaint shows that the plaintiff will succeed in getting a declaration of rights in accordance with his theory and contention but whether he is entitled to a declaration of rights at all. Accordingly if he states the substance of a bona fide justiciable controversy, which should be settled, he states a cause of action for declaratory judgment. In this situation the demurrer should be overruled and after answer a declaration of rights should be entered."

See, also, White v. Manassa, 252 Ala. 396, 399, 41 So.2d 395.

However, as already pointed out, our view is that the recitals of the bill are not sufficient, on demurrer, to show ambiguity in the devise to Anne Louise Ash. Accordingly, the decree overruling the demurrer is due to be, and is, reversed and one will be rendered here sustaining the demurrer. It is so ordered. The cause is remanded.

Reversed, rendered and remanded.

LIVINGSTON, C. J., and SIMPSON and MERRILL, JJ., concur.