78 So.2d 642

### MOBILE BATTLE HOUSE, Inc. et al.

v.

### CITY OF MOBILE.

I Div. 559.

Supreme Court of Alabama.

March 10, 1955.

Fred Collins, Mobile, for appellee.

Vickers & Thornton, Mobile, for appellants.

LAWSON, Justice.

This is an appeal from a decree of the circuit court of Mobile County, in equity, sustaining demurrer of the City of Mobile to the amended bill filed by the appellants, Mobile Battle House, Incorporated; Thomas Jefferson Hotel Company; and O. F. Cawthorn Realty Company, Inc., seeking to have declared null and void a certain ordinance of said city and for perpetual injunction against the enforcement of said ordinance and for certain other relief not necessary here to relate.

On September 16, 1952, the City of Mobile adopted an ordinance, to be effective as of October 1, 1952, § 1 of which reads:

"There is hereby imposed, levied and assessed against every person, firm, association or corporation engaged in the business of operating hotels, motels, tourist courts, tourist cabins, lodging houses and rooming houses, in addition to all license taxes heretofore imposed and now existing against them, an additional license tax equal to three percentum (3%) of the gross income received by each such person, firm, association or corporation from the renting of rooms within the corporate limits of the City of Mobile."

In § 3 of said ordinance it is provided that the license assessed is payable on or before the tenth day of the month next succeeding the month in which the business is carried on, and in § 4 it is made unlawful to carry on any such business without the payment of the license.

The complainant corporations, each of which operated a hotel within the City of Mobile, filed this suit on October 24, 1952. The averments of the amended bill show such an actual controversy as to support the jurisdiction of the court to render a declaratory decree. § 156 et seq., Title 7, Code 1940; City of Birmingham v. Allen, 251 Ala. 198, 36 So.2d 297; City of Bessemer v. Bessemer Theatres, 252 Ala. 117, 39 So.2d 658; Alabama Ice & Utilities Co. v. City of Montgomery, 252 Ala. 131, 40 So.2d 198. Cf. Shadix v. City of Birmingham, 251 Ala. 610, 38 So.2d 851.

■ It is not always appropriate to make a construction or declaration of rights or status on a demurrer to a bill seeking a declaratory judgment. Ordinarily, where such a bill shows a bona fide justiciable controversy which should be settled, the demurrer thereto should be overruled and a declaration of rights made and entered only after answer and on such evidence as the parties may deem proper on submission for final decree. Alabama State Milk Control Board v. Graham, 250 Ala. 49, 33 So.2d 11; Vinson v. Vinson, 256 Ala. 259, 54 So.2d 509. We think this is the kind of case where it would have been much better to have overruled the demurrer and a declaration made after answer and the taking of evidence. See City of Bessemer v. Bessemer Theatres, supra.

But where, as here, counsel for both sides decide to have the matter considered by this court on the appeal from the ruling on demurrer, we will proceed to do so. McCall v. Nettles, 251 Ala. 349, 37 So.2d 635; Carter Oil Co. v. Blair, 256 Ala. 650, 57 So.2d 64; Waterworks and Sanitary Sewer Board v. Dean, 260 Ala. 221, 69 So.2d 704. See Evers v. City of Dadeville, 258 Ala. 53, 61 So.2d 78.

For the purpose of this appeal it may be said that the bill as amended challenged the validity of the ordinance on two grounds: first, the City of Mobile is without authority to impose the tax therein sought to be imposed; second, the tax is a revenue raising measure and is so exorbitant and discriminatory as to be unconstitutional.

■ There is no merit in the assertion that the municipalities of this state are without legislative authority to so frame their ordinances as to make gross receipts the basis of the computation of a license. Section 735, Title 37, Code 1940, which is the legislative authorization for municipalities to license such a business as a hotel, contains the following language:

"All municipalities shall have the power to license any exhibition, trade, business, vocation, occupation, or profession not prohibited by the constitution or laws of the state, which may be engaged in or carried on in the city or town; * * * *to require sworn statements* as to the amount of capital invested, or value of goods or stocks, or *amounts of sales or receipts* where the amount of the license is made to depend upon the amount of capital invested, or value of goods or stocks or *amount of sales or receipts,* * * *." (Emphasis supplied.)

Such authority has been recognized in the decisions of this court. Evers v. City of Dadeville, supra; Gotlieb v. City of Birmingham, 243 Ala. 579, 11 So.2d 363; Anderson v. City of Birmingham, 205 Ala. 604, 88 So. 900. See Nachman v. State Tax Commission, 233 Ala. 628, 173 So. 25; Woco Pep Co. of Montgomery v. City of Montgomery, 219 Ala. 73, 121 So. 64; Goldsmith v. City of Huntsville, 120 Ala. 182, 24 So. 509.

■ We come now to the contention that under the averments of the bill, admitted on demurrer, the ordinance is shown to be unconstitutional because it is exorbitant and discriminatory.

It is not alleged that complainants are discriminated against within the classification made by the ordinance but that the discrimination is against the class of business in which complainants are engaged and in favor of other businesses of a different sort in the City.

It is alleged that the license tax is principally a revenue measure, hence, the fact that the business of complainants is useful and legitimate is not material to the inquiry of whether the license charged for revenue purposes is excessive, provided it is not prohibitive or oppressive. Bessemer Theatres, Inc., v. City of Bessemer, 261 Ala. 632, 75 So.2d 651.

It is the theory of complainants that the ordinance selects the business in which they are engaged and burdens it with a different and greater amount of license tax than that imposed upon other classes of business, and so vastly greater that it makes it an arbitrary and capricious exercise of the power of the City to raise revenue by that means. Reliance is had upon the equal protection clause and the due process clause of the Fourteenth Amendment to the Constitution of the United States.

The averments of the bill as amended and the exhibits thereto do show that the license which the ordinance exacts of complainants is in excess of the license re-quired of other type businesses, but that status alone does not render the ordinance invalid.

We see no occasion to set out the averments of the bill in detail. They have been carefully considered in connection with our recent case of Bessemer Theatres, Inc., v. City of Bessemer, supra, 75 So.2d 651 [1], and we are of the opinion that the allegations of the bill do not show the ordinance to be unconstitutional on the asserted grounds.

The decree of the trial court is affirmed.

Affirmed.

LIVINGSTON, C. J., and STAKELY and MERRILL, JJ., concur.