80 So.2d 250

WATER WORKS AND SANITARY SEWER BOARD OF THE CITY OF MONTGOMERY et al.

v.

Woodley C. CAMPBELL.

Woodley C. CAMPBELL

v.

WATER WORKS AND SANITARY SEWER BOARD OF THE CITY OF MONTGOMERY et al.

3 Div. 708–708A.

Supreme Court of Alabama.

May 12, 1955.

Knabe & Nachman, Montgomery, for appellants.

Godbold & Hobbs, Montgomery, for appellee.

MERRILL, Justice.

This appeal is from a decree of the Circuit Court of Montgomery County, in Equity, overruling appellants' demurrer to the original bill and the original bill as amended. Appellee has appealed from that portion of the decree which refused to allow a second amendment of the bill of complaint. This attempted second amendment is included in the record but its contents and sufficiency, not having been considered below, are not now before us for review.

Appellee sued The Water Works and Sanitary Sewer Board of the City of Montgomery, seeking a permanent injunction against the levying of any charge against him for sewer service. He also asked for a declaration that he and others similarly situated were perpetually exempt from any sewer service charge. This claim was based on a deed from one Jett Thomas to City of Montgomery and it was this deed for which a construction is sought.

In Curjel v. Ash, 261 Ala. 42, 72 So.2d 732, 734, we said:

"We recognize that 'a demurrer is rarely appropriate in a declaratory judgment action'. Anderson, Declaratory Judgments, 2d Ed., § 318, p. 743. And that 'ordinarily where the bill for a declaratory judgment shows a bona fide justiciable controversy which should be settled, the demurrer thereto should be overruled and a declaration of rights made and entered only after answer and on such evidence as the parties may deem proper to introduce on submission for final decree.' City of Bessemer v. Bessemer Theatres, 252 Ala. 117, 120, 39 So.2d 658, 660; Alabama State Milk Control Board v. Graham, 250 Ala. 49, 54, 33 So.2d 11, 15; As thus stated in the last-cited case:

" '* * * Of course there must be a bona fide justiciable controversy and where no bona fide justiciable controversy is alleged, the demurrer should be sustained. Bagwell v. Woodward Iron Co., 236 Ala. 668, 184 So. 692. But the test of the sufficiency of a complaint in a declaratory judgment proceeding is not whether the complaint shows that the plaintiff will succeed in getting a declaration of rights in accordance with his theory and contention but whether he is entitled to a declaration of rights at all. Accordingly if he states the substance of a bona fide justiciable controversy, which should be settled, he states a cause of action for declaratory judgment. In this situation the demurrer should be overruled and after answer a declaration of rights should be entered.'

510

See, also, White v. Manassa, 252 Ala. 396, 399, 41 So.2d 395."

 It is true that where counsel for both sides desire to have the matter considered by this court on the appeal from the ruling on demurrer and argue the case on that basis, we will proceed to declare the rights involved. Mobile Battle House v. City of Mobile, ante, p. 270, 78 So.2d 642; Atkins v. Curtis, 259 Ala. 311, 66 So.2d 455.

 Here unquestionably there is a bona fide justiciable controversy. But the appellee strenuously objects to a declaration of rights in this court on appeal from the ruling on demurrer and the record conclusively shows that, at least in the second amendment, there are additional facts in this controversy which may or could be appropriate for consideration before a final declaration of rights is made.

In view of the above holding there is no necessity for us to consider appellee's cross appeal.

The decree of the trial court is affirmed.

Affirmed.

LIVINGSTON, C. J., and LAWSON and STAKELY, JJ., concur.

SIMPSON and MAYFIELD, JJ., dissent.

SIMPSON, Justice (dissenting).

The deed upon which the appellee rests his right of exemption from the sewer service charge is unambiguous and calls for no extraneous evidence to aid in its construction. The litigation presents only three questions for decision.

1. Is the appellee foreclosed from objecting to the charge due to certain validating proceedings involving the sewer system?

2. Is the exemption in the deed a covenant running with the land or an equitable servitude or easement appurtenant thereto so as to give appellee the benefit thereof?

3. If the second question be answered in the affirmative, the final question is, did the City have power to make such a covenant?

These three questions present only propositions of law and as we view the case they can be decided on this appeal from the decree overruling the demurrer to the bill of complaint, thereby saving the parties litigant further futile proceedings to bring up on the final appeal the same questions. Evers v. City of Dadeville, 258 Ala. 53, 59, 61 So.2d 78, and cases cited. I therefore would and am prepared to answer these questions.

Of course, should my views have prevailed, there might have been other matters brought in by answer and evidence to otherwise challenge the validity of the exemption stated in the deed.

MAYFIELD, J., concurs in the foregoing views.