90 So.2d 768

**C. A. SHEW**

v.

**CITY OF GADSDEN et al.**

**7 Div. 327.**

·cme Court of Alabama.

'Nov. 15, 1956.

—◆—

Copeland & Copeland and Roy D. Mc-Cord and Ludger D. Martin, Gadsden, for appellant.

Roberts & Orme and Lusk, Swann & Burns, Gadsden, for appellees.

**254**

GOODWYN, Justice.

This is a declaratory judgment proceeding, Code 1940, Tit. 7, § 156 et seq., brought by appellant, a resident citizen, voter and taxpayer of the City of Gadsden, against the City of Gadsden and the members of the City's governing body. The appeal here is from a decree sustaining the respondents' demurrer to the bill of complaint.

■ Ordinarily, where a bill seeking a declaratory judgment shows a bona fide justiciable controversy which should be settled, a demurrer thereto should be overruled and a declaration of rights made and entered only after answer and on such evidence as the parties may deem proper on submission for final decree. But where, as here, there is no factual controversy between the parties that can arise and be made available by answer, and only a question of law is presented for decision, and counsel for the parties argue the case on the basis that our decision on the question will settle the controversy and seem desirous that we decide the question, we will proceed to that end. Wade v. Bragg, 264 Ala. 239, 86 So.2d 829, 830; Water Works and Sanitary Sewer Board of City of Montgomery v. Campbell, 262 Ala. 508, 510, 80 So.2d 250; Mobile Battle House v. City of Mobile, 262 Ala. 270, 272, 78 So.2d 642; Atkins v. Curtis, 259 Ala. 311, 314, 66 So.2d 455.

■ The question presented is whether § 119, Tit. 37, Code 1940, applies to the City of Gadsden. In short, this section provides for adoption of ordinances by initiative and referendum.

To the extent with which we are here concerned the City of Gadsden operates under the provisions of Act No. 102, appvd. March 6, 1931, Gen.Acts 1931, p. 174, as amended by Act No. 234, appvd. Aug. 16, 1939, Gen.Acts 1939, p. 388. (See Code 1940, Tit. 62, §§ 415–428; also § 104, subdiv. 5, Constitution 1901.) The application of these acts to the City of Gadsden has been, in each instance, by virtue of the population classification contained therein. Act No. 102, prior to its amendment in 1939, applied to cities having a population of 24,000 and less than 40,000. Act No. 234 amended this by making the law applicable to all cities having a population of as much as 22,000 and less than 60,000. There are other laws based on population classifications which apply to Gadsden but they have no bearing on the question for decision. In this connection see Act No. 112, appvd. June 19, 1951, Acts 1951, Vol. I, p. 337.

Section 6 of Act No. 234, amending Section 5 of Act No. 102 (see § 419, Tit. 62, Code 1940), provides in pertinent part, as follows:

"'Such Board of Commissioners shall be municipal officers only, and shall have, possess and exercise the municipal powers, legislative, executive and judicial, now or hereafter conferred upon municipalities and governing bodies thereof. *All laws governing such city, and not inconsistent with the provisions of this Act, shall apply to and govern said city* after it shall become organized under the commission form of government provided by this Act. * * *'" [Emphasis supplied.]

Section 119, supra, is included in Article 2, Chapter 4, Title 37 of the Code. This article consists of sections 89 through 119 and provides for an "optional form of commission government" in all cities and towns electing to operate under it. Section 89 specifically provides that "this article shall only apply to cities and towns which have heretofore adopted the same, or which may hereafter elect to operate under the provisions herein contained". There is no question that Gadsden has not elected, through the procedure provided in Article 2, Section 91, to operate under its provisions. Obviously then, it seems to us, none of the provisions contained in Article 2 is applicable to Gadsden unless, as contended by appellant, the provision in section 6 of Act No. 234 that "all laws governing such

city, and not inconsistent with the provisions of this Act, shall apply to and govern said city" has the effect of making the provisions of Article 2, which includes section 119, applicable to said city. It is insisted that section 6 embraces section 119 by reference, thereby making section 119 applicable to the City of Gadsden. The argument is, as stated in appellant's brief, "that laws governing cities operating under a commission form of government and which are not inconsistent with any provision of the special law governing the City of Gadsden, apply to and form a part of the law of the City of Gadsden". But section 6 does not so provide. The provision is that "all laws governing such city" shall apply thereto. By its very terms Article 2, of which section 119 is a part, is applicable only to those cities and towns "which have heretofore adopted the same, or which may hereafter elect to operate under" its provisions; and the City of Gadsden has done neither. Hence section 119 is not one of the laws "governing such city".

Affirmed.

SIMPSON, MERRILL and SPANN, JJ., concur.