97 So.2d 893

**Luke J. GREENLEY, Sr.**

v.

**Janie BYNUM.**

**6 Div. 171.**

Supreme Court of Alabama.

Nov. 7, 1957.

Jackson, Rives, Pettus & Peterson, Birmingham, for appellant.

Walter C. Hayden, Birmingham, for appellee.

STAKELY, Justice.

This is an appeal from a decree of the equity court overruling the demurrer to the bill in equity. The demurrer was filed by the appellant Luke J. Greenley, Sr., to the bill of complaint as a whole and to each aspect thereof.

Janie Bynum is an old woman over seventy-seven years of age, without any experience in legal matters or business in general. In less than three months after Janie Bynum (appellee) met Luke J. Greenley, Sr. (appellant), she executed a so-called warranty deed in trust, conveying all her property in trust for the use and purposes therein set out.

Edgar Bynum, a defendant in the suit, is a son of Janie Bynum. Luke J. Greenley, Jr., a defendant in the suit, is a son of the appellant. The First National Bank of Birmingham, a corporation, is a defendant in the suit because the money that now constitutes the corpus of the estate, with the exception of an undivided one-half interest in a vacant lot, was and now is on deposit in the bank.

Janie Bynum was the owner of a home and lot that was purchased by the Housing Authority of the City of Birmingham, a corporation, for the sum of $6,500 on September 21, 1956. Some time prior to that date and on October 10, 1955, the appellee executed the so-called warranty deed of trust which was recorded in the Probate Office of Jefferson County, Alabama.

The deed to the Housing Authority of the City of Birmingham was signed by the appellant Luke J. Greenley, Sr., as trustee, and by the appellee, Janie Bynum. The check issued by the Housing Authority of the City of Birmingham, a corporation, was delivered to an attorney representing the appellee and by him delivered to her. Janie Bynum deposited the check in the Savings Department, Main Office of the First National Bank of Birmingham, a corporation, in Birmingham, Alabama, in the amount of $6,413.20 in a savings account in her name.

When she went to the bank to draw out some of the money, she was told that the bank had been put on notice by the appellant of the so-called deed of trust and pending a determination of the rights thereunder, appellee could not draw out any of the money, although the money was deposited by her in her name without the mention of any trust.

An examination of the so-called deed of trust shows (a) that the appellee had conveyed her property to the appellant, Luke J. Greenley, Sr., as trustee of her estate and residuary beneficiary, if living, or in the event of his death, Luke J. Greenley, Jr., was to be successor trustee and ultimate beneficiary of the estate; (b) that the trustee (appellant) was authorized and directed to apply all or such part of the net income of the estate as he may determine to be necessary for the support and maintenance of the beneficiary during her life, and (c) that the trustee (appellant) shall not be required to give any bond as trustee.

Janie Bynum, the appellee, has no income other than a small social security check. She needs money to purchase another home and for other purposes. The money is in the bank unavailable to any one.

Janie Bynum filed the bill in equity for a declaratory judgment to construe or cancel the alleged warranty deed of trust. The defendant, the First National Bank, filed an answer. The appellant, Luke J. Greenley, Sr., filed a demurrer and before the hearing on the demurrer, an amended demurrer was filed. The defendant, Luke J. Greenley, Jr., filed a demurrer. The defendant, Edgar Bynum, filed an answer. A decree overruling the demurrers to the bill of complaint was entered and the defendant, Luke J. Greenley, Sr., appealed from such ruling on demurrer.

■ Upon consideration of the matter we think the court has ruled correctly in this case and that its ruling should be upheld.

The broad purpose of § 157, Title 7, Code of 1940, has been well stated in Curjel v. Ash, 263 Ala. 585, 83 So.2d 293. We have often said that if a bill of complaint states the substance of a bona fide justiciable controversy which should be settled, a cause of action for a declaratory judgment is stated and the demurrers should be overruled. White v. Manassa, 252 Ala. 396, 41 So.2d 395; City of Bessemer v. Bessemer Theatres, Inc., 252 Ala. 117, 39 So.2d 658.

Further it seems to be well settled that since the enactment of the 1947 amendment, relief under the declaratory judgment act does not depend on the absence of another adequate remedy. Mooney v. Weaver, 262 Ala. 392, 79 So.2d 3. And an action for a declaratory judgment is appropriate for the determination of the validity of a trust deed. White v. Manassa, supra.

We feel satisfied that appellant's position is contrary to the law to which we have referred. § 159, Title 7, Code of 1940; Curjel v. Ash, supra. The construction of a trust is analogous to the construction of a will and under the foregoing authorities, there is ample authority calling for the invocation of a declaratory judgment in this case.

We have often said that the test of the sufficiency of a bill in a declaratory judgment proceeding is not whether the complaint shows that the complainant will succeed in getting a declaration of rights in accordance with his theory and contention, but whether he is entitled to a declaration of rights at all. If the bill of complaint states the substance of a bona fide justiciable controversy which should be settled, a cause of action for a declaratory judgment is stated and the demurrers should be overruled. Authorities supra.

It seems to us that no further discussion of the case is necessary and the decree of the lower court should be and is affirmed.

Affirmed.

LIVINGSTON, C. J., and LAWSON, GOODWYN, and MERRILL, JJ., concur.