101 So.2d 295

**CITY OF MOBILE**

v.

**JAX DISTRIBUTING COMPANY, Inc.,**
**et al.**

**I Div. 757.**

Supreme Court of Alabama.

March 6, 1958.

Fred G. Collins and Collins, Galloway & Murphy, Mobile, for appellant.

Cunningham & Wilkins, Mobile, for appellees.

MERRILL, Justice.

Appeal from a decree overruling demurrer to the bill as amended which seeks a declaratory judgment as to the validity of an ordinance levying a license on each wholesaler, distributor or jobber of malt or brewed beverages.

**290**

Ordinarily, where the bill for a declaratory judgment shows a bona fide justiciable controversy which should be settled, the demurrer thereto should be overruled and a declaration of rights made and entered only after answer and on such evidence as the parties may deem proper to introduce on submission for final decree. Water Works and Sanitary Sewer Board of City of Montgomery v. Campbell, 262 Ala. 508, 80 So.2d 250; Curjel v. Ash, 261 Ala. 42, 72 So.2d 732; City of Bessemer v. Bessemer Theatres, 252 Ala. 117, 39 So.2d 658; Alabama State Milk Control Board v. Graham, 250 Ala. 49, 33 So.2d 11.

This is not a case where counsel for both sides desire to have the matter considered on appeal from the ruling on demurrer and argue the case on that basis as was the situation in Mobile Battle House v. City of Mobile, 262 Ala. 270, 78 So.2d 642, and Atkins v. Curtis, 259 Ala. 311, 66 So.2d 455.

In the instant case, appellant argues that the bill as amended does not allege a bona fide justiciable controversy. The bill must show such a controversy to exist before the court has jurisdiction to grant declaratory relief under the Declaratory Judgment Act. Bagwell v. Woodward Iron Co., 236 Ala. 668, 184 So. 692; 7 Ala. Dig., Declaratory Judgment, ⊜61.

The bill of complaint in the instant case follows closely the bill in City of Bessemer v. Bessemer Theatres, supra, including the facts on which the allegations that the tax levied by the ordinance is in violation of the Constitutions of the United States and of the State of Alabama, and that it is unreasonable, arbitrary, capricious and oppressive. We are clear to the conclusion that the allegations in paragraph 8 of the amended bill present a bona fide justiciable controversy.

In view of the authorities cited in this opinion, the decree of the lower court must be affirmed.

The record shows that notice was given to the Attorney General under the provision of Tit. 7, § 166, Code 1940. See Busch Jewelry Co. v. City of Bessemer, 266 Ala. 492, 98 So.2d 50; Bond's Jewelry Co. v. City of Mobile, 266 Ala. 463, 97 So.2d 582, and Wheeler v. Bullington, 264 Ala. 264, 87 So.2d 27.

Affirmed.

LAWSON, SIMPSON, GOODWYN and COLEMAN, JJ., concur.