120 So.2d 752

**SPERRY AND HUTCHINSON COMPANY**

v.

**CITY OF FAIRHOPE.**

I Div. 809.

Supreme Court of Alabama.

May 19, 1960.

Casey, Lane & Mittendorf, New York City, for appellant.

Beebe & Swearingen, Bay Minette, for appellee.

Chason & Stone, Bay Minette, Le Maistre, Clement & Gewin, Tuscaloosa, and

584

COLEMAN, Justice.

This is an appeal from a decree sustaining demurrer to a bill in equity praying for a decree declaring that an ordinance of the city of Fairhope is unconstitutional and void as applied to appellant and that on final hearing the appellee be perpetually enjoined from enforcing the ordinance against appellant. The record shows that notice was given to the Attorney General as required by § 166, Title 7, Code 1940.

The bill of complaint avers that appellant is a corporation qualified to do business in Alabama and is doing business in Alabama; that appellant has been engaged in the business of making available to retail merchants throughout the United States a cooperative cash discount system which enables the retail merchants to give their customers a "customary discount" on cash purchases; and that appellant's method of doing business is generally as follows: Appellant makes contracts with retail merchants whereby appellant furnishes stamps to the merchants who in turn give the stamps to customers at a certain rate according to the amount of cash purchases made by the customer. The customer returns the stamps to appellant in exchange for items of merchandise which appellant provides. Such merchandise becomes the property of the customer.

The ordinance complained of imposes on each person "engaged in the marketing of trading stamps to merchants within the corporate limits" of Fairhope an annual license of $100 and in addition thereto a sum equal to 20 per cent of the sale price of all trading stamps so marketed. A license of one-half of the foregoing amounts is imposed in the police jurisdiction outside the corporate limits. If a merchant issues stamps purchased from one not licensed under the ordinance the merchant himself is liable for the license with penalties. Violation of the ordinance may be punished by fine of $100 and "confinement to jail and to hard labor" for six months. The license is not required of persons "issuing coupons or certificates furnished by the manufacturer or compounder as a part of an original package or item of merchandise and distributed in connection with that one commodity only, nor to persons issuing coupons or certificates exclusively on one private brand product only."

The bill further avers that appellant's average margin of profit is five per cent of gross receipts; that before enactment of the ordinance appellant had contracts with four named merchants in Fairhope and that the agreements are still in effect; but, because the license imposed by the ordinance is prohibitive appellant has not paid the license and it and its "merchant licensees" have ceased to issue stamps in Fairhope.

The bill further charges that the ordinance is prohibitive, confiscatory, discriminatory, unconstitutional, and void under the Constitution of Alabama and the United States.

The chancellor did not undertake to construe the ordinance but merely sustained the demurrer. Appellant does not ask that we determine the validity of the ordinance on this appeal from the ruling on demurrer. Appellee, on the other hand, appears to insist that the validity of the ordinance should be determined on this appeal.

While there are cases wherein both parties consented to have a declaration of rights on appeal from ruling on demurrer to a bill for declaratory judgment, Mobile Battle House, Inc. v. City of Mobile, 262 Ala. 270, 78 So.2d 642, Al Means, Inc. v. City of Montgomery, 268 Ala. 31, 104 So.2d 816, and this court did make a declaration on such appeal where a question of law merely was involved, this does not appear to be that kind of case. Appellant in brief makes it abundantly clear that appellant has not consented to a declaration on this appeal.

The declaratory judgment act recites in § 157, Title 7, Code 1940, that: "Any person * * * whose rights * * * are affected by a * * * municipal ordi-

nance * * * may have determined any question of * * * validity arising under the * * * ordinance * * * and obtain a declaration of rights * * * thereunder."

Appellee states in brief:

" * * * The sole question involved is whether or not the appellant in its bill of complaint sets up facts from which the court can reasonably assume that the ordinance complained of is discriminatory and unconstitutional.

* * * * * *

"In seeking a declaratory judgment the complainant's bill of complaint must allege facts sufficient to warrant the relief prayed for. The appellant's bill of complaint in this cause does not set up facts showing that there is any question of the validity of the ordinance under attack."

It is well established that:

" * * * the test of the sufficiency of a complaint in a declaratory judgment proceeding is not whether the complaint shows that the plaintiff will succeed in getting a declaration of rights in accordance with his theory and contention, but whether he is entitled to a declaration of rights at all. * * * if the complaint states the substance of a bona fide justiciable controversy which should be settled, a cause of action for a declaratory judgment is stated and the demurrers should be overruled. * * *" City of Bessemer v. Bessemer Theatres, 252 Ala. 117, 120, 39 So.2d 658, 660.

This court has further said:

"Ordinarily, where the bill for a declaratory judgment shows a bona fide justiciable controversy which should be settled, the demurrer thereto should be overruled and a declaration of rights made and entered only after answer and on such evidence as the parties may deem proper to introduce on submission for final decree. Water Works and Sanitary Sewer Board of City of Montgomery v. Campbell, 262 Ala. 508, 80 So.2d 250; Curjel v. Ash, 261 Ala. 42, 72 So.2d 732; City of Bessemer v. Bessemer Theatres, 252 Ala. 117, 39 So.2d 658; Alabama State Milk Control Board v. Graham, 250 Ala. 49, 33 So.2d 11." City of Mobile v. Jax Distributing Company, Inc., 267 Ala. 289, 290, 101 So.2d 295, 296.

■ Under the rule stated above, the objection that the bill does not allege facts showing that appellant is entitled to the relief prayed for is not a good ground of demurrer.

Neither is the objection well taken that the bill altogether fails to allege facts to support the conclusion that the ordinance is unconstitutional and discriminatory. As to the sufficiency of a bill to declare a municipal ordinance invalid, this court has said:

"It is not sufficient to plead by way of conclusion that there is an existing controversy of a justiciable character between the parties. Facts must be pleaded out of which the controversy arises. * * *" Shadix v. City of Birmingham, 251 Ala. 610, 611, 38 So.2d 851, 852.

■ We are of opinion, however, that the allegations of paragraphs 10, 10a, and 29 of the amended bill present a bona fide justiciable controversy, and that this is a case which should not be decided on demurrer except to the point of holding that the bill states such a controversy which should be settled.

The decree sustaining the demurrer is reversed and a decree is here rendered overruling the demurrer and the cause is remanded.

Reversed, rendered, and remanded.

SIMPSON, GOODWYN and MERRILL, JJ., concur.