494

142 So.2d 913

A. B. CASE

v.

M. L. MOORER et al.

I Div. 887.

Supreme Court of Alabama.

June 21, 1962.

Wilkins, Stephenson & Byrd, Pillans, Reams, Tappan, Wood & Roberts and Austill & Austill, Mobile, for appellant.

Caffey, Gallalee & Caffey, Mobile, for appellees Moorer.

McCorvey, Turner, Johnstone, Adams & May, Mobile, for appellee Magnolia Petroleum Co.

GOODWYN, Justice.

Appeal from a decree of the circuit court of Mobile County, in equity, sustaining the demurrer of each of the appellees to appellant's bill of complaint, as last amended, seeking a declaratory judgment.

Appellant insists that the decree should be reversed in view of the rule that, where a bill seeking a declaratory judgment shows a bona fide justiciable controversy which should be settled, a demurrer thereto should be overruled and a declaration of rights made and entered only after answer and on such evidence as the parties may deem proper on submission for final decree. Appellees, on the other hand, say the bill presents only a question of law which the court could and should determine on demurrer, relying principally on Werneth v. Hanly, 262 Ala. 219, 78 So.2d 299.

In later cases, the court has adhered to the policy of not determining the merits of a controversy involved in a declaratory judgment proceeding when presented by demurrer, even though a question of law only is presented, unless the parties manifest a desire that it be done. Orkin Exterminating Company of North Alabama v. Krawcheck, 271 Ala. 305, 310–311, 123 So.2d 149; Hane v. Bell, 270 Ala. 82, 87, 116 So.2d 590; Shew v. City of Gadsden, 265 Ala. 253, 254, 90 So.2d 768; Adams Supply Co. v. United States Fidelity & Guaranty Co., 265 Ala. 178, 182–183, 90 So.2d 284, 287. As said in the last cited case:

"It has been the policy of this Court, not always observed, to overrule a demurrer to a bill seeking a declaratory judgment when it contains the averments essential to that relief under section 156 et seq., Title 7, Code. Curjel v. Ash, 261 Ala. 42, 72 So.2d 732; Water Works and Sanitary Sewer Board v. Dean, 260 Ala. 221, 69 So.2d 704; Percoff v. Solomon, 259 Ala. 482, 67 So.2d 31, 38 A.L.R.2d 1100; Henry v. White, 257 Ala. 549, 60 So.2d 149; White v. Manassa, 252 Ala. 396, 41 So.2d 395; 7–A Ala.Dig., Declaratory Judgments, page 232, ☞325.

"But if counsel for both sides have argued the merits of their controversy and *manifest a desire to have the question settled in that manner*, and it is purely a question of law which will not be influenced by facts which are not set out in the bill, this Court ex-

ercises a discretion in response to such desire to determine the controverted question of law on that basis. Fillmore v. Yarbrough, 246 Ala. 375, 20 So.2d 792; McCall v. Nettles, 251 Ala. 349, 37 So.2d 635; Darling Shop [of Birmingham] v. Nelson Realty Co., 255 Ala. 586, 52 So.2d 211; Evers v. City of Dadeville, 258 Ala. 53, 61 So. 2d 78; Atkins v. Curtis, 259 Ala. 311, 66 So.2d 455. [Emphasis supplied.]

"Appellant in brief refers to the above cited cases and insists upon application of the ordinary procedure. We feel it is our duty to apply the ordinary rule and not consider the merits of the controversy to determine whether the demurrer was properly sustained."

The decree sustaining the demurrers is reversed and the cause is remanded to the trial court for further proceedings.

Reversed and remanded.

LIVINGSTON, C. J., and LAWSON and COLEMAN, JJ., concur.