156 So.2d 366

**J. F. MOORE**

v.

**CITY OF FAIRHOPE et al.**

I Div. 159.

Supreme Court of Alabama.

Sept. 5, 1963.

Chason & Stone, Bay Minette, for appellant.

Ernest M. Bailey, Fairhope, for appellee Fairhope Lodge 1879.

1. Ante, p. 327.

GOODWYN, Justice.

This is a declaratory judgment proceeding (Code 1940, Tit. 7, § 156 et seq.) brought by appellant, a citizen and taxpayer of the City of Fairhope, against said City, Fairhope Lodge # 1879 of Benevolent and Protective Order of Elks of the United States of America, a corporation, and Fairhope Elks Club, a corporation. The respondents' separate demurrers to the bill of complaint, as last amended, were sustained. The complainant declining to plead further, a decree was rendered dismissing the cause and taxing the costs against him. Complainant brings this appeal from that decree.

There seems to be no question that the bill of complaint, as last amended, states the substance of a bona fide justiciable controversy which should be settled. The controversy concerns the validity of an ordinance of the City of Fairhope authorizing the sale of a portion of a public park located in said city and also the validity of the conveyance of said land, pursuant to said ordinance, to respondent Fairhope Lodge # 1879.

█ Apparently, the trial court sustained respondents' demurrers on the basis that the complaint shows on its face that complainant is not entitled to the relief prayed for. If this were the usual equity case, it would be appropriate to test the merits of the bill by demurrer, but in a declaratory judgment proceeding the only question ordinarily determined on demurrer is whether the bill states the substance of a bona fide justiciable controversy which should be settled. The well-established rule is that if the bill shows such a controversy, it is sufficient to withstand a demurrer directed to it. In such situation, the demurrer thereto should be overruled and a declaration of rights made and entered only after answer and on such evidence as the parties may deem proper to introduce on submission for final decree. In other words, the test of the sufficiency of such a bill is not whether it shows that complainant will succeed in getting a declaraion of rights in accordance with his theory and contention, but whether he is entitled to a declaration of rights at all. Hall v. Gulledge, 274 Ala. 105, 145 So.2d 794; East Gadsden Bank v. Bagwell, 273 Ala. 441, 444, 143 So.2d 438; City of Mobile v. Jax Distributing Company, 267 Ala. 289, 290, 101 So.2d 295; Shew v. City of Gadsden, 265 Ala. 253, 254, 90 So. 2d 768; Little v. Redditt, 264 Ala. 371, 374, 88 So.2d 354.

█ This case does not come within the following exception to the foregoing rule, viz: Where there is no factual controversy between the parties that can arise and be made available by answer, and only a question of law is presented for decision, and the parties agree and request that the court decide such question of law and argue the case on the basis that our decision on the question will settle the controversy, the court ordinarily will, in the exercise of its discretion, decide such question of law on demurrer. City of Mobile v. Jax Distributing Company, supra; Shew v. City of Gadsden, supra; Little v. Redditt, supra; Mobile Battle House v. City of Mobile, 262 Ala. 270, 272, 78 So. 642; Atkins v. Curtis, 259 Ala. 311, 314, 66 So.2d 455. Here, however, appellant does not agree that we should now determine the merits of the controversy but, instead, insists that the trial court should have overruled the demurrer and made a declaration of rights in accordance with the general rule stated above.

The decree appealed from is reversed and the cause is remanded to the trial court for rendering a decree setting aside its decree sustaining the respondents' separate demurrers to the bill of complaint, as last amended; for rendering a decree or decrees overruling the demurrers to the complaint, as last amended; and for further proceedings not inconsistent with this opinion.

Reversed and remanded.

LIVINGSTON, C. J., and SIMPSON and COLEMAN, JJ., concur.