TORBERT, Chief Justice
(concurring specially).
The question presented is whether a complaint brought by the alleged illegitimate children of an intestate seeking a declaration of their rights in the intestate’s estate fails to state a cause of action where the complaint contains no allegation of legitimation. The test of the sufficiency of a complaint in a declaratory judgment proceeding is not whether the bill or complaint shows that the plaintiff will succeed in getting a declaration of rights in accordance with his theory or contention, but whether he is entitled to a declaration of rights at all. City of Mobile v. Gulf Development Company, 277 Ala. 431, 171 So.2d 247 (1965); Moore v. City of Fairhope, 275 Ala. 506, 156 So.2d 366 (1963); Robinson v. Robinson, 273 Ala. 192, 136 So.2d 889 (1962). Our case law has established the requirement that before an illegitimate child can seek a declaration of his rights in the intestate’s estate that child must prove his legitimation.
[I]n order to claim the right to inherit from the intestate father’s estate, a child born out of wedlock may prove legitimation by the marriage of his parents plus a clear and unambiguous recognition of the child by the father. Or, such child may introduce a written, attested, and filed declaration of legitimation. Finally, the child may show a judicial determination of paternity made within two years of birth and. during the father’s lifetime. [Emphasis omitted.]
Everage v. Gibson, 372 So.2d 829 (Ala.1979).
The complaint in the instant case lacked the requisite of an allegation of legitimation and therefore failed to state a cause of action. I recognize that notice pleading is the concept behind the Alabama Rules of Civil Procedure, as well as the Federal Rules of Civil Procedure, and that the rules do not require exhaustive pleading of facts.
[T]he Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim. To the contrary, all the Rules require is “a short and plain statement of the claim” that will give the defendant fair notice of what the plaintiff’s claim is and the grounds upon which it rests. . The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits.
Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).
In the instant case, legitimation was not a specific fact supporting the plaintiffs’ theory in their complaint; rather, it was an essential part of the theory. Therefore, I concur in the majority’s decision affirming the trial court’s order granting defendant’s 12(b)(6) motion.