98 So.2d 48

ALABAMA FARM BUREAU MUTUAL CASUALTY INS. CO., Inc.

v.

Robert MILLS et al.

6 Div. 119.

Supreme Court of Alabama.

Aug. 22, 1957.

Rehearing Denied Nov. 21, 1957.

Dominick, Rosenfeld & Roberts and Jas. L. Shores, Jr., Tuscaloosa, for appellant.

Joe G. Burns and Robt. V. Wooldridge, Jr., Tuscaloosa, for appellees Charlotte and Robert Mills.

PER CURIAM.

This is an appeal by complainant (appellant) from a decree sustaining a demurrer to a bill in equity. The bill sought a declaratory judgment to have determined by the court the question of whether complainant is still liable on a policy of liability insurance for the defense of two suits by Robert Mills and Charlotte Mills against Roy Leland Mills.—Sections 156 et seq., Title 7, Code of 1940.

The automobile involved in the accident was being driven by Roy Leland Mills, but it was owned by Roy E. Mills, the father of Roy Leland Mills. Roy E. Mills was the insured named in the policy of insurance issued by complainant Alabama Farm Bureau Mutual Casualty Insurance Company. The policy contained a provision which named as an insured "any person while using the automobile * * *, provided the actual use of the automobile is by the named insured or with his permission." It also contained an assistance and cooperation clause in the usual form.

The bill of complaint alleges that after the suits at law had been filed by Charlotte Mills and Robert Mills, separately, and after complainant had filed a demurrer to those complaints, complainant learned that Roy Leland Mills had made false statements to the agents of complainant with regard to the circumstances of the collision complained of in the two suits against him; and that, upon so learning, complainant filed this bill of complaint. The false statement by Roy Leland Mills, above referred to, was that while he was driving the automobile the left front tire blew out, thereby causing the car to leave the road which caused the injuries to the plaintiffs in the suits at law. The amended bill for declaratory judgment alleged that such statement was false and fraudulent: that the tire did not blow out but was cut by Roy Leland Mills to substantiate his story that he had a blowout, and that he disposed of his knife in an effort to conceal his action. That knowledge of the false and fraudulent statement was not had by complainant until the suits at law were begun against Roy Leland Mills and an appearance for him had been entered. That said written statement signed by Roy Leland Mills constituted an intentional, fraudulent or willful falsification of material facts, thereby violating the terms of the insurance policy.

Appellant insists that the principle having application is that a bill for a declaratory judgment will stand against demurrer if it alleges facts which show an actual controversy of a justiciable nature, although the facts alleged may not show that complainant would be entitled to a decree favorable to him.

Appellees concede that contention, but insist that the bill does not show a substantial, material justiciable controversey; for that the bill does not show that complainant sustained any damage by reason of the false and fraudulent statements as alleged. It does not show that complainant was misled to its prejudice or injury by such statements or that it acted on them or sustained any kind of damage by reason of them and, therefore, the controversy as to the fraud here set out is not justiciable.

While the bill does not allege that damage resulted to complainant from the false and fraudulent statement as to the cause of the accident, it does not follow that it does not show the existence of a justiciable controversy. The controversy is whether on that account the insurer continued to be bound under the provisions of the policy which are copied in the bill of complaint. The controversy set up is not a right to rescind as provided by the common law for fraud. In the latter instance to show justiciable fraud damage must be alleged to have resulted. Mobile Building & Loan Association v. Odom, 232 Ala. 19, 166 So. 698; section 107, Title 7, Code.

But in the instant suit the question is whether the fraud and false statement so violated the duty imposed by the policy on the insured as to relieve complainant (appellant) from any duty under it with respect to the claims in the suits. Whether insurer is thereby relieved of such duty without showing damage is the controversy here involved and it is alleged to be actual and is justiciable. Complainant has the right to have that determined in this kind of suit. It is sufficiently set out in the bill as amended, and the demurrer to it should have been overruled.

It results that the decree of the trial court should be reversed and the cause remanded for further proceedings.

The foregoing opinion was prepared by Foster, Supernumerary Justice of this Court, while serving on it at the request of the Chief Justice under authority of Title 13, section 32, Code, and was adopted by the Court as its opinion.

Reversed and remanded.

LIVINGSTON, C. J., and LAWSON, SIMPSON, GOODWYN and COLEMAN, JJ., concur.

STAKELY and MERRILL, JJ., not sitting.