124 So.2d 70

Elizabeth J. ROGERS et al.

v.

LUMBERMANS MUTUAL CASUALTY CO.

8 Div. 35.

Supreme Court of Alabama.

Nov. 3, 1960.

J. D. Carroll, Jr., Huntsville, for appellants.

Ford, Caldwell, Ford & Payne, Huntsville, for appellee.

STAKELY, Justice.

This suit for a declaratory judgment was filed by the Lumbermans Mutual Casualty Company, a corporation (appellee), on June 27, 1957, against John Rogers and others seeking a construction and interpretation of certain provisions of an automobile policy of insurance issued to John Rogers, one of the appellants.

For purposes of clarification it is well to state here that according to the record, including the evidence, John Rogers secured a divorce from his wife Elizabeth J. Rogers on February 26, 1957, and from that time they were not residents of the same household. After the divorce she married Guy Congo, on June 3, 1957. The policy of insurance was issued to John Rogers on September 22, 1956. The accident in which Guy Congo and Bill Adams claim to have been injured and thereby sustained the cost of medical expenses occurred on April 27, 1957. Sometimes in the record the former wife of John Rogers is referred to as Elizabeth Rogers and sometimes as Elizabeth Congo.

Named as respondents in the bill were John Rogers, Elizabeth Rogers, Guy Congo and Bill Adams. The purpose of the bill is to determine the liability of the Lumbermans Mutual Casualty Company (appellee) to Elizabeth Rogers (now Elizabeth Congo) and John Rogers under the collision or upset portion of the policy of insurance and under Coverage D and also to determine the liability to Guy Congo and Bill Adams under the provisions of Coverage C-1-Basic Medical Payments of the policy.

It is alleged in the bill that the complainant (appellee) denies coverage of the loss and denies coverage of the foregoing alleged losses and denies liability to the respondents which we have named as aforesaid, assigning the following grounds:

"A. That the said Elizabeth J. Rogers is not the named insured under the policy.

"B. Because the named insured had assigned his interest in the insured automobile and had no insurable interest in the property or the said policy of insurance and the said Elizabeth J. Rogers was no longer the spouse of the named insured nor a resident of the same household as that of the named insured.

"C. Because the said Elizabeth J. Rogers, Guy Congo and Bill Adams were not additional insureds within the term and meaning of the 'Definition of Insured' as hereinbefore set forth."

It is further alleged in substance that the parties to the suit have the right to have their respective rights adjudicated under the policy and that there exists an actual justiciable controversy between the parties on which substantial property rights are dependent.

Demurrers to the bill were filed by John Rogers, Elizabeth Rogers Congo and Guy Congo, which were overruled on May 22, 1959.

On December 18, 1957, John Rogers and Elizabeth J. Rogers filed suit in the Circuit Court of Madison County on the law side of the docket, seeking to recover on an insurance policy which was the subject of the declaratory judgment proceeding. The insurance company then obtained a temporary injunction against further proceedings in the case on the law side of the docket and made bond for such injunction.

After the demurrers were overruled all of the respondents then entered what are styled "pleas." There are a total of seven such pleas addressed to the "complaint of the plaintiff and to each count thereof separately and severally." The first "plea" is a plea of the general issue. The second "plea" is a denial of "each and every allegation separately and severally." The third and fifth "pleas" undertake to set up an estoppel as a defense. The fourth, sixth and seventh "pleas" assert waiver and estoppel in each plea.

The allegations of waiver and estoppel are substantially that the insurance company paid the claim the latter part of March or the first of April 1957 of a broken window in the Ford car to Elizabeth Congo and upon such claim being filed by her in the office of C. J. Waite, General Agent of the company, at which time the company had known that the policy of insurance on the car was in the name of John Rogers and not the name of the respondent, Elizabeth J. Rogers, and further that Elizabeth J. Rogers and John Rogers were divorced, living separate and apart in separate households and that Elizabeth Congo claimed title to the car and even after gaining knowledge of the foregoing, the insurance company failed to render the policy void, waived its right to insist upon the policy being void and failed to cancel the policy and is estopped to deny liability on the policy and the respondents did not forfeit any right or benefits to which they are entitled under the policy.

On the day of the trial, July 23, 1959, all respondents amended pleas 3, 4, 5 and 6 by alleging a "denial" of "each and every allegation" and moved the court to dissolve the temporary injunction on the grounds that there is no equity in the bill, that complainants have an adequate remedy at law and that the answers previously filed by the respondents "deny the equity of the bill."

The case was tried orally before the court and the policy issued to John Rogers was introduced in evidence. This policy provided coverage to John Rogers on a 1955 Ford Tudor Convertible automobile, the motor number being designated. This policy contained the following pertinent provisions.

"1. Coverage A—Bodily Injury Liability: To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury, sickness or disease, including death at any time resulting therefrom, sustained by any person, caused by accident and arising out of the ownership, maintenance or use, including loading or unloading, of the automobile.

"Coverage C-1—Basic Medical Payments: To pay all reasonable expenses incurred within one year from the date of accident for necessary medical, surgical and dental services, including prosthetic devices, and necessary ambulance, hospital, professional nursing and funeral services, to or for each person who sustains bodily injury, sickness or disease, caused by accident, while in or upon or while entering into or alighting from the automobile provided the automobile is being used by the named insured or his spouse, if a resident of the same household, or with the permission of either.

"Coverage D—Collision or Upset: To pay for direct and accidental loss of or damage to the automobile, hereinafter called loss, caused by collision of the automobile with another object or by upset of the auto-

**352**

mobile, but only for the amount of each such loss in excess of the deductible amount, if any, stated in the declaration as applicable hereto."

The policy of insurance also contained in the insuring agreements, the following definition of insured:

"III. Definition of Insured. (a) With respect to the insurance for bodily injury liability and for property damage liability the unqualified word 'insured' includes the named insured and, if the named insured is an individual, his spouse if a resident of the same household, and also includes any person while using the automobile and any person or organization legally responsible for the use thereof, provided the actual use of the automobile is by the named insured or such spouse or with the permission of either. The insurance with respect to any person or organization other than the named insured or such spouse does not apply:

"(1) to any person or organization, or to any agent, or employee thereof, operating an automobile sales agency, repair shop, service station, storage garage or public parking place, with respect to any accident arising out of the operation thereof, but this provision does not apply to a resident of the same household as the named insured, to a partnership in which such resident or the named insured is a partner, to any partner, agent or employee of such resident or partnership;

"(2) to any employee with respect to injury to or sickness, disease or death of another employee of the same employer injured in the course of such employment in an accident arising out of the maintenance or use of the automobile in the business of such employer."

One of the conditions of the policy concerns the right of the insured to make an assignment of his interest in the policy and reads as follows:

"24. Assignment. Assignment of interest under this policy shall not bind the company until its consent is endorsed hereon; if, however, the named insured shall die, this policy shall cover (1) the named insured's spouse, if a resident of the same household at the time of such death, and legal representative as named insured, and (2) under coverages A and B, subject otherwise to the provisions of Insuring Agreement III, any person having proper temporary custody of the automobile, as an insured, and under Coverage C–1 while the automobile is used by such person, until the appointment and qualification of such legal representative; provided that notice of cancellation addressed to the insured named in Declaration 1 and mailed to the address shown in this policy shall be sufficient notice to effect cancellation of this policy."

I. We have carefully read and considered the evidence. We consider that it amply supports the findings of fact which are set out in the decree. The findings of fact are as follows:

In 1955 the respondent John Rogers owned the automobile in question in this cause, the same being a 1955 Ford Fairlane, Motor No. U5MC—132005. The car was assessed for taxes by the tax assessor of Madison County in the name of John Rogers on October 11, 1955. In November 1955 the defendant John Rogers sold the Ford automobile to his wife Elizabeth Rogers. On September 22, 1956, the insurance company issued the policy involved in this case to the defendant John Rogers. On November 14, 1956, the Ford was assessed in the name of Elizabeth Rogers. Sometime in November 1956 Elizabeth Rogers and John Rogers separated and did not live thereafter together as husband and wife. After they separated John Rogers lived a distance of ten miles from where this Ford automobile was kept by Elizabeth Rogers.

On February 26, 1957, John Rogers was granted a divorce from Elizabeth Rogers by the Circuit Court of Madison County,

Alabama. Some three or four weeks prior to April 27, 1957, a rear window of this automobile was broken and two repair estimates were obtained, each addressed to John Rogers and the insurance company issued its draft payable to John Rogers to cover this loss.

On April 27, 1957, the Ford automobile was involved in the collision in question. At this time John Rogers and Elizabeth Rogers were living separate and apart and had been so living for some five months. At this time they had been divorced for some two months. Elizabeth Rogers owned the automobile in question and had owned it for some 18 months of which fact the complainant company had no notice. The policy in question insured the car to John Rogers, who had never made an assignment of the same. The defendants Guy Congo and Bill Adams were the occupants of the car at the time of the collision. Guy Congo was asleep at the time and Bill Adams was driving the car. Congo and Adams had permission of Elizabeth Rogers to use the car. No one had the permission of John Rogers to use the car.

The court further found that neither of the respondents, Elizabeth Rogers, Guy Congo or Bill Adams were insured persons under the terms of the policy in question and that the defendant John Rogers had no insurable interest in the automobile in question at the time of the accident on April 27, 1957.

After the foregoing finding of facts the court decreed that Lumbermans Mutual Casualty Company, a corporation, is under no obligation, duty or liability to pay either of the defendants John Rogers or Elizabeth Rogers under the collision or upset provisions of the automobile policy and that the Lumbermans Mutual Casualty Company is under no obligation, duty or liability under the policy to pay for the personal injuries to or medical expenses of either of the respondents Guy Congo or Bill Adams sustained in or as a result of the accident of April 27, 1957.

The court further decreed that the temporary injunction be made permanent and that Elizabeth Rogers and John Rogers are forever restrained and enjoined from proceeding further in the action at law brought by them against the Lumbermans Mutual Casualty Company.

■ II. Although the appellee questions whether the propositions which we shall now consider are properly raised in brief, we think it is well to consider these propositions before the case is closed. It is argued that the trial court was in error in overruling the demurrer to the bill of complaint. This is not correct. A declaratory judgment proceeding is a proper method for establishing the rights and status of the parties under a contract of insurance and where the insurer contends that the terms and conditions of the policy of insurance have been breached, it may have a declaration of the rights and status of the parties thereto by a declaratory judgment proceeding. Reed v. Fidelity & Casualty Co. of New York, 254 Ala. 473, 48 So.2d 773; United States Fidelity & Guaranty Co. v. Hearn, 233 Ala. 31, 170 So. 59; Alabama Farm Bureau Mut. Cas. Ins. Co. v. Mills, 266 Ala. 681, 98 So.2d 48.

■ We have oftentimes held that if a bill of complaint in an action for a declaratory judgment states the substance of a bona fide justiciable controversy, which should be settled, a cause of action is stated and demurrers thereto should be overruled. Mobile Battle House v. City of Mobile, 262 Ala. 270, 78 So.2d 642; American Auto. Ins. Co. v. English, 266 Ala. 80, 94 So.2d 397; Reed v. Fidelity & Casualty Co. of New York, supra.

■ III. It is argued that there is an adequate remedy at law between the complainant and the respondents and an action for a declaratory judgment to settle the controversy is not a good defense. This is not correct. A number of cases are cited by the appellants in this connection. The cited cases, however, were decided prior to the

**354**

enactment of the act amending § 167, Title 7, Code of 1940. See § 167, Title 7, 1955 Cumulative Pocket Part, Code of 1940. Cases referring to the statute as amended are, among others, the following: Greenley v. Bynum, 266 Ala. 584, 97 So.2d 893; Alexander City v. Continental Ins. Co., 262 Ala. 515, 80 So.2d 523; Dozier v. Troy Drive In Theatres, 258 Ala. 417, 63 So.2d 368.

IV. It is insisted that special pleas filed by the respondents setting up waiver and estoppel constitute a full and complete defense to the cause of action alleged in the bill of complaint. Since the bill has equity, as we have held, it is sufficient to say that the pleas were not proven according to the findings and decree of the trial court. Phillips v. Birmingham Industrial Co., 180 Ala. 311, 60 So. 896; Prowell v. Wilson, 219 Ala. 645, 123 So. 38; Equity Rule 16, Title 7, Code of 1940, p. 1061.

V. An insurable interest in a motor vehicle exists where the insured derives a benefit from the existence of the vehicle or would suffer a loss from its destruction. 5A Amer.Juris., § 11, p. 14; 44 C.J.S. Insurance § 177, p. 873. After the transfer of the automobile by John Rogers to Elizabeth Rogers, he no longer had an insurable interest in the car which will sustain insurance and a policy issued to him is avoided by such transfer. This is especially true when the policy of insurance contains a provision to the effect that it shall not be bound by such assignment until its consent is endorsed on such policy. Byrd v. American Guarantee & Liability Ins. Co., 4 Cir., 180 F.2d 246; 122 A.L.R. 144; 20 Amer. Juris., § 825, p. 59 and § 829, p. 62; 44 C.J.S. Insurance § 188, p. 886 and § 196, p. 894.

And lastly we point out that where testimony is taken ore tenus in an equity court, every presumption is indulged in favor of the trial court and its findings and decree will not be disturbed unless palpably wrong. Henderson Baker Lumber Co. v. Headley,

253 Ala. 107, 42 So.2d 821; Brown v. Oldham, 263 Ala. 76, 81 So.2d 331.

We conclude that the judgment of the lower court is due to be affirmed.

Affirmed.

LIVINGSTON, C. J., and LAWSON and MERRILL, JJ., concur.