The McKinneys appeal from an order holding that State Farm was not obligated to pay the default judgment they recovered against Herman Grantham. We affirm.
In April, 1968, while married, Betty Grantham and Herman Grantham purchased a Buick. After being refused insurance coverage on the automobile by one company because of the bad driving record of Herman, application for liability coverage was made in the name of Betty to an agency. She was listed as the applicant and Herman was listed as an additional operator. The application was processed through the assigned risk plan because of Herman's driving while intoxicated conviction. Coverage was assigned to State Farm through the assigned risk pool, and was issued effective December 16, 1969.
Betty and Herman separated in April, 1970, and he moved to Georgia, taking the Buick with him. They were divorced on December 7. Betty gave Herman a bill of sale to the Buick, and he applied for Georgia title registration on October 29, 1971. Title to the car was issued in his name.
Meanwhile, on the day following the divorce, Herman Grantham paid the premium for coverage through December 16, 1971. He was given a receipt by the agency who withheld its commission, and forwarded the balance to State Farm showing that the premium payment was on the policy, on the Buick, issued to Betty Grantham. State Farm was not notified of the divorce; it was not notified of any alleged assignment of the policy, and did not give its consent of assignment.
On November 12, 1971, Herman Grantham, while driving the Buick, struck McKinney's house, causing property damage to their house and bodily injuries to them. Following the accident, Herman reported it to the agency who notified the claims office of State Farm. After its investigation, State Farm denied coverage because Betty did not have an insurable interest in the automobile, and derived no benefit from its operation by Herman. State *Page 1092 
Farm notified Herman that he would have to defend the suit personally. He did not, and default judgments were entered against him by the McKinneys. They filed this action against State Farm pursuant to T. 28, § 12, Code of Alabama.
Section III of the policy defines "insured":
"III. Definition of Insured.
 "The unqualified word `insured' includes the named insured and, if the named insured is an individual, his spouse if a resident of the same household, and also includes any person while using the automobile and any person or organization legally responsible for the use thereof, provided the actual use of the automobile is by the named insured or such spouse or with the permission of either."
When Betty Grantham gave Herman a bill of sale to the Buick, she no longer had an insurable interest in it. Moreover, assuming there was an assignment of the policy to Herman, State Farm did not give its consent. It could not consent, as it did not know about the transfer of the Buick. This court held inRogers v. Lumbermans Mutual Casualty Co., 271 Ala. 348,124 So.2d 70 (1960) that an insurable interest in an automobile exists where the insured derives a benefit from the existence of the automobile, or would suffer a loss from its destruction. Cf. Bendall v. Home Indemnity Co., 286 Ala. 146, 238 So.2d 177
(1970).
The trial court was correct in holding that State Farm was not obligated to defend the suit. Betty Grantham, the named insured, was not liable for the McKinney's damage and injuries, and did not derive any benefit from the existence of the automobile driven by Herman Grantham. Since Betty had transferred the Buick to Herman, she could suffer no loss if it were destroyed. See Ocean Accident and Guarantee Corp. v. Bear,220 Ala. 491, 125 So. 676 (1929); Employers National InsuranceCo. v. Holliman, 287 Ala. 123, 248 So.2d 717 (1971).
AFFIRMED.
TORBERT, C.J., and MADDOX, SHORES and BEATTY, JJ., concur.