Defendant appeals from an award of damages for plaintiff.
On June 17, 1981 Walter W. Moore and Peggy K. Moore were divorced. The decree incorporated a separation agreement which, among other things, awarded a 1979 Ford Mustang Cobra automobile to Mrs. Moore. During their marriage the Mustang had been owned jointly by the Moores and had been insured by Allstate Insurance Company on a policy which also covered other vehicles owned by the couple. The policy listed Walter W. Moore as the named insured, and Peggy K. Moore was covered as a resident spouse. Testimony at trial indicated that on July 9, 1981, while Mrs. Moore was a passenger in the Mustang, which was being driven by William Hicks, Jr., the *Page 1088 
automobile was forced off the road by an unidentified automobile. Mrs. Moore sustained personal injuries in the accident, and the Mustang was severely damaged. On September 29, 1981 Mrs. Moore brought an action against Allstate Insurance Company, claiming $10,000 in damages in connection with the accident. The insurance company in its answer denied liability, setting up the defense that the policy was not in force at the time of the accident. The case was tried before a jury which returned a verdict of $7,800 in favor of Mrs. Moore on March 17, 1982. After a denial of its motion for judgment notwithstanding the verdict or in the alternative for a new trial, Allstate Insurance Company has appealed to this court.
The issue on appeal is concerned with a provision which prohibited transfer of the insurance policy without the written consent of Allstate. The insurance company argues that when the Mustang was transferred to Mrs. Moore in connection with the divorce, Walter Moore lost his insurable interest in the automobile, and Mrs. Moore lost her ability to claim under him as a resident spouse. Allstate claims that since Mrs. Moore failed to obtain its written consent for a transfer, the policy was null and void as to her on July 9, 1981, the date of the accident. The company argues that its position is strengthened by the fact that Walter Moore requested that the Mustang be deleted from his policy on July 3, 1981. Specifically, Allstate claims that the trial court committed error in the face of these facts by denying its motions for directed verdict and submitting the issues to the jury. Mrs. Moore, on the other hand, asserts that the company is estopped from denying coverage under the policy because it knew of her divorce and failed to notify her that she was no longer covered. She also contends that Allstate's action of paying a claim concerning a previous accident to the First National Bank of Grove Hill, which held a chattel mortgage on the automobile, led her to believe that she had insurance coverage.
Allstate asserts that when the Moores were divorced and title to the Mustang was transferred to Mrs. Moore, Walter Moore lost his insurable interest in the automobile. The insurance company further claims that Mrs. Moore failed to comply with the provision of the policy which prohibited transfer of the insurance coverage without the written consent of the company. In so arguing Allstate brings the instant case under the ambit of McKinney v. State Farm Mutual Automobile Insurance Co.,349 So.2d 1091 (Ala. 1977). There, the supreme court dealt with a situation in which title to an automobile was placed in the husband's name after a divorce. Prior to that time, insurance coverage had been held by the wife with the husband listed as a principal driver. During the time in which the accident occurred, the husband maintained premium payments on the policy but failed to notify the insurer of the divorce so that coverage could be transferred into his name. In determining that the insurer was not required to defend the husband in a suit following the accident, the court said:
 "When Betty Grantham gave Herman a bill of sale to the Buick, she no longer had an insurable interest in it. Moreover, assuming there was an assignment of the policy to Herman, State Farm did not give its consent. It could not consent, as it did not know about the transfer of the Buick. This court held in Rogers v. Lumbermans Mutual Casualty Co., 271 Ala. 348, 124 So.2d 70 (1960) that an insurable interest in an automobile exists where the insured derives a benefit from the existence of the automobile, or would suffer a loss from its destruction. Cf. Bendall v. Home Indemnity Co., 286 Ala. 146, 238 So.2d 177
(1970)."
The instant case reveals a similar situation in which Mrs. Moore applied for a certificate of title on the Mustang on March 15, 1981 and in which the automobile was transferred to her in the divorce agreement. Moreover, the record is completely devoid of any showing that Mrs. Moore obtained Allstate's written consent for a transfer of the policy into her name.
In an attempt to claim under the policy, Mrs. Moore argues that she was using *Page 1089 
the Mustang with the permission of her former husband. She contends that since the use of the automobile was with the permission of her former husband, she remains a covered driver. We disagree with this argument for two reasons. First, since Mrs. Moore owned the automobile outright at the time of the accident, permission from her former husband to use it or lack thereof would be wholly immaterial. Second, as we have stated above, Walter Moore lost his insurable interest in the Mustang when it was transferred to his former wife. See McKinney v.State Farm Mutual Automobile Insurance Co., supra; Rogers v.Lumbermans Mutual Casualty Co., supra. For the foregoing reasons we find that Walter Moore lacked an insurable interest in the 1979 Mustang at the date of the accident, and Mrs. Moore had no authority to claim under his policy at the time.
We similarly find no merit to Mrs. Moore's contention that Allstate is estopped by its actions from denying coverage. She bases her position on two factors. First, Mrs. Moore argues that the company knew of her divorce and failed to notify her of the cancellation of the policy. Second, she points to payments made to First National Bank of Grove Hill as chattel mortgagee after an earlier accident. She claims that these payments led her to believe that the policy was still in force.
Established Alabama case law is that insurance coverage cannot be created by estoppel. See Home Indemnity Co. v. ReedEquipment Co., 381 So.2d 45 (Ala. 1980). In Fidelity PhenixFire Insurance Co. v. Raper, 242 Ala. 440, 6 So.2d 513 (1941), the supreme court cited with approval the following from HomeInsurance Co. v. Campbell Motor Co., 227 Ala. 499, 150 So. 486
(1933):
 "`* * * Waiver or estoppel can only have a field of operation when the subject-matter is within the terms of the contract. No one, we assume, would argue that a policy of insurance, which protected one against loss by fire, could be extended or broadened, by the application of the principle of waiver or estoppel, to cover loss by cyclone. The effect, in such a case, would be to create a new contract, without a new consideration. * * *'"
(Citations omitted.)
More specifically, Alabama courts have held that lack of an insurable interest cannot be waived. See Fidelity Phenix FireInsurance Co. v. Raper, supra. The issue of estoppel raised by Mrs. Moore deals with the coverage vel non of the policy in question. In the face of a showing of lack of an insurable interest in the automobile on the part of her former husband, she is trying to create coverage under the policy, where none existed. Since the authorities cited above expressly prohibit the enlargement of coverage by the doctrine of estoppel, her argument must be rejected.
For the reasons stated above, we believe that the trial court erred to reversal in refusing to grant Allstate's motion for directed verdict. In so holding we are mindful that directed verdict is not an appropriate remedy in those instances in which there is a scintilla of evidence in favor of the nonmoving party. St. Paul Fire Marine Insurance Co. v.Thompson, 346 So.2d 439 (Ala.Civ.App.), cert. denied,346 So.2d 442 (Ala. 1977). The instant case, however, reveals a situation in which Walter Moore lacked an insurable interest in the 1979 Mustang on July 9, 1981, the date of the accident. There is absolutely no evidence on the record to indicate that Mrs. Moore complied with the transfer provision of the policy after her divorce. Moreover, it was equally clear that she was prohibited as a matter of law from using estoppel as a means of creating insurance coverage where none existed.
REVERSED AND REMANDED.
WRIGHT, P.J., concurs.
HOLMES, J., concurs in the result. *Page 1090