PER CURIAM.
This is an appeal from a summary judgment in favor of State Farm Fire and Casualty Company ("State Farm”) and its agent, Bobby Baker, in an action by Ida Mae Hunter based on breach of contract and negligence. We reverse.
Ida Mae Hunter and her husband, Howard K. Hunter, acquired their house in Fultondale, Alabama, by warranty deed in 1962. Mr. Hunter died in 1969. In 1970, Mrs. Hunter purchased a homeowner’s insurance policy from State Farm through its agent Bobby Baker. This policy insured Mrs. Hunter’s interest in the home and the personal property in the home. The policy was renewed each year and was in effect on October 7,1985, when the insured premises was destroyed by fire.
Mrs. Hunter did not live in the house after her hospitalization in 1982. After staying with a daughter and then living in Florida for a short time, Mrs. Hunter, in 1984, established her residence in an apartment complex for senior citizens. Mrs. Hunter informed State Farm of her change of residence in a letter dated June 1984; State Farm forwarded this letter to Baker, who put it in Mrs. Hunter’s file. Mrs. Hunter, however, continued to pay the policy premiums when they were due. Mrs. Hunter’s son suffered a theft loss at the house in February 1985, and the claim for this loss was paid by State Farm.
State Farm denied Mrs. Hunter’s claim for the loss of the house, contending that Mrs. Hunter did not have legal title to the house. State Farm based its conclusion on the fact that in 1982, while hospitalized after a heart attack, Mrs. Hunter had signed a warranty deed transferring legal title to the house to her children. Mrs. Hunter claims, however, that she was misinformed about the nature of the instrument and that she thought the document she signed in the hospital provided that her home would go to her children upon her death. In addition, Mrs. Hunter continued to pay taxes on the home. Her grandson lived in the house and apparently paid her rent “once or twice.” He also agreed to keep up the house for her. She kept most of her belongings, other than personal effects, in the house while she lived in the apartment. Part of the reason she moved into the apartment was that it was thought *680 the house had too many stairs for someone in her condition, and it can be inferred that when her health improved the stairs would not be an obstacle. She maintained that she always intended to return to the house and that she had begun fixing it up for her return.
Mrs. Hunter sued her children, seeking a declaration of rights in the subject property, claiming in particular that the children held the property in a constructive trust. Mrs. Hunter sued State Farm for breach of the terms of the contract of homeowner’s insurance. She also sued State Farm and its agent, Bobby Baker, for negligently failing to maintain the insurance to protect her interest in the home and the personal property in it. In its answer, State Farm asserted that Mrs. Hunter did not have an insurable interest in the property damaged by the fire and that State Farm was not guilty of negligence. Bobby Baker’s answer denied Mrs. Hunter’s claim of negligence on his part. The trial court granted Baker’s motion for summary judgment.
The trial court also granted State Farm’s motion for summary judgment, except as to Mrs. Hunter’s claim for the value of her personal property that had been destroyed by the fire. State Farm acknowledged its liability for the loss of the personal property, but disputed the value of the loss claimed. After State Farm and Mrs. Hunter reached a settlement on the value of her personal property loss and filed a stipulation to that effect, Mrs. Hunter’s claim for the loss of her personal property was dismissed.[1]
On appeal, Mrs. Hunter first claims that State Farm was negligent in failing to provide her with insurance coverage for the subject property. The record is clear, however, that the insurance policy that Mrs. Hunter had purchased for her home was in full force and effect at the time the home was destroyed by fire. The question remains, and was raised by Mrs. Hunter as her second issue on appeal, whether State Farm was justified, under the terms of the policy and the law of Alabama, in refusing to honor Mrs. Hunter’s claim for loss.
Alabama Code 1975, § 27-14-4, provides:
“(a) No contract of insurance of property or of any interest in property, or arising from property, shall be enforceable as to the insurance except for the benefit of persons having an insurable interest in the things insured as at the time of the loss.
“(b) ‘Insurable interest,’ as used in this section, means any actual, lawful and substantial economic interest in the safety or preservation of the subject of the insurance free from loss, destruction or pecuniary damage or impairment.
“(c) The measure of an insurable interest in property is the extent to which the insured might be damnified by loss, injury or impairment thereof.”
The statute is a codification of the longstanding rule in Alabama that, in order to receive benefits for a loss under a contract of property insurance, an insured must have an “insurable interest” in the insured property. National Security Fire & Casualty Co. v. Newman, 53 Ala.App. 614, 303 So.2d 113 (1974). This principle of law is also made part of the language of insurance contracts, such as the instant policy, by words to the effect that the “insured” must be the resident of the insured property-
The Court of Civil Appeals in Ex parte Granite State Ins. Co., 362 So.2d 241 (Ala.1978), correctly held that Alabama law recognizes an insurable interest based upon a “factual expectation” theory as opposed to a “legal interest” theory:
“That view is that an insurable interest exists if the insured will gain economic advantage from the continued existence of the property or will suffer economic disadvantage upon damage to or loss of the property. Harnett & Thornton, Insurable Interest in Property: a SocioEconomic Reevaluation of a Legal Con *681 cept, 48 Colum.L.Rev. 1162 (1948); Vuko-wich, Insurable Interest: When It Must Exist in Property and Life Insurance, 7 Williamette L.J. 1 (1971).
“We believe Alabama by statute and court decision has already espoused the ‘factual expectation’ theory of insurable interest.
“Our supreme court has stated that one can have an insurable interest, although he has no property in the thing insured, but any limited or qualified interest, equitable right or expectation of advantage is sufficient. Pacific Nat’l Fire Ins. Co. v. Watts, 266 Ala. 606, 97 So.2d 797 (1957); American Equitable Assur. Co. v. Powderly Coal & Lumber Co., 225 Ala. 208, 142 So. 37 (1932). Put another way, insurable interest exists where insured would suffer a loss from the property’s destruction. McKinney v. State Mut. Auto. Ins. Co., 349 So.2d 1091 (Ala.1977); Rogers v. Lumbermans Mut. Cas. Co., 271 Ala. 348, 124 So.2d 70 (1960).”
Id. at 241.
“[S]ince the requirement of an insurable interest arose merely to prevent the use of insurance for illegitimate (gambling) purposes, it should not be extended beyond the reasons for it by an excessively technical construction. And a right of property is not an essential ingredient of insurable interest; any limited or qualified interest, whether legal or equitable, or any expectancy of advantage, is sufficient. It does not matter in what way such benefit arises or the reason loss would occur thereby, limited presumably by dictates or public policy — if such benefit would be lost by destruction of the subject matter, that interest is insurable.
“Thus, it may safely be said that a fee title is clearly not required of the insured, nor even a direct property interest, the test of exposure to financial loss being all important. An equitable title or interest or other qualified property right would clearly be sufficient.... And a person who had made himself responsible for property may insure it against loss.”
4 Appleman, Insurance Law and Practice § 2123 (1969).
In Luchansky v. Farmers Ins. Co., 357 Pa. Super 136, 515 A.2d 598 (1986), the court found an insurable interest in a house destroyed by fire, notwithstanding the fact that the insureds had given an unconditional deed of conveyance [2] to their son. The insureds continued to pay taxes, made mortgage payments, collected all or some of the rent, and made repairs.
Mrs. Hunter undertook most of the same activities as the Luchanskys, albeit on a more limited scale. In addition, it is interesting to note, that as in Luchansky, the grantees in this case subsequently recon-veyed the property to the insured. This after-the-fact conveyance gives some credence to Mrs. Hunter’s claim that the original conveyance was not intended to be an unconditional fee simple transfer.
A mere expectancy that the owner will make a testamentary disposition of the property to the insured is insufficient to establish an insurable interest. Brewton v. Alabama Farm Bureau Mutual Casualty Ins. Co., 474 So.2d 1120 (Ala.1985). However, both the life tenant and the remain-dermen have insurable interests. Dickerson v. Stewart, 473 So.2d 1078 (Ala.Civ.App.1985). There is evidence to support Mrs. Hunter’s claim that the conveyance was intended to create a life estate in her. “A constructive trust is a creature of equity which prevents unjust enrichment. It will be applied when property has been acquired by fraud or where it would be inequitable to allow it to be retained by him who holds it.” Seals v. Seals, 423 So.2d 222 (Ala.1982).
In light of the above and the fact that the trial court’s order does not expressly address the viability of Mrs. Hunter’s claim that a constructive trust should be established, we hold that summary judgment on the “insurable interest” issue was improperly granted to the defendant.
REVERSED AND REMANDED.
*682 HORNSBY, C.J., and JONES, ALMON, SHORES, ADAMS, HOUSTON and KENNEDY, JJ., concur.

. The trial court amended its final order on the request of counsel for Mrs. Hunter and without objection from counsel for the defendants, to add a paragraph that denied all remaining pending claims in the case. The only defendants against whom Mrs. Hunter proceeds on appeal, however, are State Farm and its agent, Bobby Baker.

. There was a prior written agreement to recon-vey the property to the insured.